HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DONALD VARNEY and MARIA VARNEY, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | NO. 2:17-cv-01902 JLR<br><br>DEFENDANT VIKING PUMP, INC.'S ANSWER TO COMPLAINT FOR PERSONAL INJURY |

Defendant VIKING PUMP, INC. ("Viking") by and through its undersigned attorneys, for answer to Plaintiff's Complaint, hereby admits, denies and alleges as follows:

## I. PARTIES

Answering Paragraph I of the Complaint, any allegations directed to Viking are DENIED. As to the allegations directed at the other defendants, no answer is required. As to the remaining allegations, Viking is without sufficient information to form a belief as to the truth of these allegations, and therefore, these allegations are DENIED.

## II. JURISDICTION

Answering Paragraph II of the Complaint any allegations directed to Viking are DENIED. This paragraph also contains allegations that are framed as legal conclusions

ANSWER TO COMPLAINT - 1

that require no answer. However in the event those statements are deemed to constitute allegations requiring an answer, they are DENIED. As to the allegations directed at the other defendants, no answer is required. As to the remaining allegations, Viking is without sufficient information to form a belief as to the truth of these allegations, and therefore, these allegations are DENIED.

More specifically, Viking is not a Washington corporation and its principal place of business is not in Washington. Viking believes that Washington may not have personal jurisdiction over it in this case but will be unable to establish the scope of that jurisdiction—if any—without determining Plaintiff's exact allegations regarding the Viking product or products to which he claims exposure.

### III. FACTS

Paragraph III of the Complaint, any allegations directed to Viking are DENIED. This paragraph also contains allegations that are framed as legal conclusions that require no answer. However in the event those statements are deemed to constitute allegations requiring an answer, they are DENIED. As to the allegations directed at the other defendants, no answer is required. As to the remaining allegations, Viking is without sufficient information to form a belief as to the truth of these allegations, and therefore, these allegations are DENIED.

### IV. LIABILITY

Answering Paragraph IV of the Complaint, any allegations directed at Viking are DENIED. As to those allegations directed at other defendants, no answer is required. As

ANSWER TO COMPLAINT - 2

JACKSON JENKINS RENSTROM LLP
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
(206) 262-7600 Phone

to the remaining allegations, Viking is without sufficient information to form a belief as to the truth of these allegations, and therefore, these allegations are DENIED.

## V. **DAMAGES**

Answering Paragraph V of the Complaint as to Damages, any allegations directed at Viking are DENIED. As to those allegations directed at other defendants, no answer is required. As to the remaining allegations, Viking is without sufficient information to form a belief as to the truth of these allegations, and therefore, these allegations are DENIED.

## VI. **AFFIRMATIVE DEFENSES**

As a result of the recent filing of this action, Viking has not had an opportunity to conduct a reasonable inquiry of the facts underlying this lawsuit, but based upon its knowledge, information, and belief formed after discovery in other asbestos injury lawsuits, interposes the following defenses, some of which may ultimately be supported by the facts to be revealed in discover and investigation of this case. Upon request and after having conducted discovery in this case, Viking will voluntarily withdraw those defenses that are unsupported by the facts revealed in pre-trial discover and investigation. On the basis of the above, and

FOR FURTHER ANSWER, AND BY WAY OF AFFIRMATIVE DEFENSES, Viking alleges as follows:

1. The court lacks jurisdiction due to insufficiency of service of process;

2. Plaintiff's complaint fails to state a claim upon which relief can be granted;

3. Plaintiff's claims are time barred because this action was not commenced within the time required by the applicable statues of limitations and/or statues of repose;

4. Plaintiff's claims are barred by the doctrines of estoppel, laches and/or waiver;

5. Plaintiff's damages, if any, were caused or contributed to by the superseding, intervening, and unexpected actions, omissions, or conduct of persons or entities which bar any right to recover;

6. Plaintiff's damages, if any, were solely and proximately caused by or contributed to by the negligence of third parties or entities over whom VIKING PUMP, INC. exercised no control or right of control;

7. Plaintiff assumed or voluntarily exposed himself to the specific and appreciated risks that caused his damages, if any, which either bars or reduces Plaintiff's damages. Also, Plaintiff's alleged injuries were solely and proximately caused by or contributed to by Plaintiff's own fault or negligence which fault either bars or reduces Plaintiff's damages. Those acts or omissions may include but are not limited to the following:

(a) Plaintiff failed to exercise ordinary care for his own safety when he knew or should have known of the hazards incident to his/her/their work;

(b) Plaintiff failed to use appropriate protective clothing and equipment when he knew or should have known that the materials with which he was working might be harmful;

(c) Plaintiff failed to use this defendant's product in the proper and intended manner and subjected such products to abnormal uses not reasonably foreseeable;

(d) Plaintiff failed to advise, request or demand that his employers provide appropriate protective clothing and equipment and/or suitable and safe working conditions;

(e) Plaintiff failed to heed advice and warnings concerning proper and safe working conditions and use of the materials with which she/he/they were working;

(f) Plaintiff failed to use that safety equipment provided by his employers and/or failed to follow the employers' safety procedures;

(g) Plaintiff voluntarily and knowingly assumed the risks that caused the damages, if any, thereby barring this action and/or reducing Plaintiff's recovery;

8. Plaintiff's damages, if any, were caused by an abnormal use, unintended use, alteration, and/or misuse of a product for which this defendant is not liable;

9. Plaintiff's damages, if any, were directly and proximately caused buy the acts or omissions of Plaintiff's fellow servants;

10. If Plaintiff incurred any injury or damage, which this defendant specifically denies, then the risk of such injury or damage to Plaintiff was not reasonably foreseeable.

11. Plaintiff failed to join an indispensable party to this litigation;

12. Plaintiff may have failed to mitigate his damages;

13. Any harm to Plaintiff that may have been caused by exposure to asbestos-containing products was caused after the useful safe lives of such products;

14.     Any asbestos-containing products for which this defendant might be held legally accountable and which are alleged to have caused Plaintiff's injuries, were supplied pursuant to government contracts and reasonably precise military specifications promulgated and approved by the United States government.  These United States military specifications expressly required the use of asbestos in such products;

15.     Any asbestos-containing products at Plaintiff's worksite(s) were in conformity with the prevailing industrial, scientific, and/or medical state-of-the-art, and/or in compliance with all applicable non-governmental, legislative, and/or administrative regulatory standards;

16.     The then current state-of-the-art medical, scientific and industrial knowledge, art and practice at all time relevant to this action was such that this defendant neither knew, or should have known, that any asbestos-containing products for which they may be legally responsible presented a foreseeable risk of harm to persons such as Plaintiff in the normal and expected use of the products.

17.     This defendant retained no control over any worksites at which Plaintiff worked and/or was allegedly exposed to asbestos.  It denies it owed any duty to provide Plaintiff with a safe place to work.

18.     This action may be barred by the applicable state and/or federal industrial insurance and/or worker's compensation laws;

19.     Venue may be improper in this court.

20.     If it is proven at the time of trial that this answering defendant is liable for damages to the Plaintiffs, said liability is not sole but rather proportionate between or

among this defendant and the following persons or entities:

    a.    Any defendant who has settled with Plaintiffs;

    b.    Any asbestos manufacturer who has filed a bankruptcy petition;

    c.    Plaintiff's employers and fellow servants;

    d.    The US Government, any military installation, naval shipyard, etc. at which Plaintiff worked;

    e.    Any manufacturer of an asbestos containing product to which Plaintiff was exposed not named in this action; and,

    f.    Plaintiffs.

Therefore, this defendant shall only be liable for its percentage share of the fault pursuant to RCW 4.22. et seq.

21.    Plaintiff was employed by knowledgeable and sophisticated employers. Any duty this defendant may have had to warn Plaintiff of any potential harm, incident to the normal use of products, was discharged by his employers' intervening duty to give him any other any required warnings.

22.    Plaintiff was a sophisticated user and knowledgeable of the risks of use, if any.

23.    This defendant denies any alleged liability as a successor, successor in business, successor in product line or a portion thereof, assignee, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching,

manufacturing, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling inspecting, servicing, installing, contracting for installation, repairing, warranting, re-branding, and/or packaging a certain substance, the generic name of which is asbestos;

24. Plaintiffs lack privity with this defendant thereby precluding any breach of warranty claims.

25. Any warranties deemed to have been made were fulfilled, terminated or disclaimed.

26. Plaintiffs waived any claim based upon any alleged breach of warranty because Plaintiffs failed to give notice of any alleged breach of warranty within a reasonable time.

27. Any exposure to this defendant's products, which exposure is expressly denied, was so minimal as to be insufficient to establish to a reasonable degree of probability that its product caused the claimed injuries.

28. If Plaintiffs incurred any injury or damage, which this defendant denies, this answering defendant alleges that the risk of such injury or damage was not foreseeable.

29. Whatever damages Plaintiffs may have suffered, if any, were due solely or in part to the failure of the Plaintiff's employer or employee to take adequate precautions and provide Plaintiff with a safe place to work.

30. Any tobacco use is an assumption of a known risk which proximately caused and contributed to his injuries and damages which either bars or reduces Plaintiff's alleged damages;

31. Plaintiff's may have failed to mitigate their damages;

32. At all times since enactment, this defendant has fully complied with the requirements of the Occupational Safety and Health Act (OSHA), and the rules and regulations promulgated thereunder. At all material times, this defendant's products equaled or exceeded the standards of the industry as it relates to its products and they complied with all applicable state and federal standards;

33. To the extent the Complaint asserts this defendant's alleged "market share" liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against the defendants; and

34. This defendant incorporates by reference any additional defenses interposed by any other defendants herein to the extent such defenses are applicable to it.

35. This answering defendant specifically reserves the right to amend its answers and claims herein by way of adding additional parties, affirmative defenses, counterclaims, cross-claims, and third party claims, as additional investigation, discovery or circumstances may warrant. Further, this answering defendant by this and subsequent pleadings and actions herein does not waive any of its rights and positions that any automatic stay, equitable stay, removal, or dismissal is, or should be, in effect as to this litigation and the parties to it, by reason of bankruptcy filings by any other defendants, and otherwise.

36. The state of Washington lacks personal jurisdiction over Viking.

Viking specifically reserve the right to plead such other affirmative defenses or make additional claims, cross claims or counter claims or third party claims as discovery

may warrant.

WHEREFORE, having fully answered the allegations of plaintiff's Complaint and having stated affirmative defenses, defendant Viking requests the Court to grant relief as follows:

1. For judgment dismissing Plaintiff's Complaint with prejudice;

2. For judgment awarding Viking its costs and fees as allowed by law; and,

3. For such further relief as the Court deems just and equitable.

DATED this 1st day of February, 2018

                               */s/ Todd M. Thacker*
Todd M. Thacker, WSBA No. 52174
JACKSON JENKINS RENSTROM LLP
701 Fifth Avenue, Suite 4200
Seattle, WA  98104
206.262.7600
tthacker@jjrlaw.com
seattleoffice@jjrlaw.com
Attorneys for Defendant
VIKING PUMP, INC.

**CERTIFICATE OF SERVICE**

The undersigned, counsel for Viking Pump, Inc., hereby certifies that a true and correct copy of the foregoing DEFENDANT VIKING PUMP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURY was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case on February 14, 2018.

/s/ Todd M. Thacker_____
Todd M. Thacker_____