# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DONALD VARNEY and MARIA VARNEY,<br><br>               Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>               Defendants. | CASE NO. 3:18-cv-05105-RJB<br><br>ORDER ON DEFENDANT TACO, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT AURORA PUMP COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE |

PENDING BEFORE the Court are two matters: the Motion to Dismiss and Motion to Strike of Defendant Taco, Inc. (Dkt. 66), and the Motion to Dismiss and Motion to Strike of Aurora Pump Company (Dkt. 72). The Court has considered the pleadings filed in support of and in opposition to both motions and the file herein. The Court deems oral argument unnecessary.

Defendant Taco and Defendant Aurora Pump (collectively, "Defendants") filed identical motions that make identical arguments. The Complaint does not allege facts particular to either defendant. This Order therefore addresses both motions together. All findings apply equally to both defendants.

ORDER ON DEFENDANT TACO, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE AND DEFENDANT AURORA PUMP COMPANY'S MOTION TO DISMISS AND MOTION TO STRIKE - 1

# BACKGROUND

**A. The Complaint.**

The Complaint alleges the following facts, which "[t]he Court accepts . . . as true." *Balitreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Defendants manufactured, distributed, "and/or" sold asbestos-containing brakes, clutches, gaskets, and grinders. Dkt. 1-2 at 3. Plaintiff Donald Varney developed mesothelioma, an asbestos-caused condition, from ambient exposure from Defendants' products while working as a marine machinist, mechanical instrument mechanic and auto mechanic. *Id*. at 5. Plaintiff D. Varney was exposed to asbestos from Defendants' products at the Puget Sound Naval Shipyard in Bremerton, Washington, and the Hunters Point Naval Shipyard in San Francisco, California, between 1957 and 1972. *Id*. at 5. He was also exposed to asbestos from Defendants' products during personal auto repair from 1939 to 1957, and he had secondary exposure from his father, an auto mechanic in Seattle, Washington, during the 1940's and 1950's. *Id*. at 5. Plaintiff D. Varney has sustained economic and non-economic harm from his mesothelioma condition, while his wife, Plaintiff Maria Varney, has sustained a loss of consortium. *Id*. at 6. Plaintiffs seek, *inter alia*, general and special damages, costs, and prejudgment interest. *Id*.

**B. Defendants' motion.**

Defendants seeks dismissal: (1) for failure to state a claim under Fed. R. Civ. P. 12(b)(6); (2) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (3) for lack of standing as to Plaintiff D. Varney's claims, because he is now deceased, and his claims can only be prosecuted by his estate. Dkt. 66 at 3-6; Dkt. 72 at 3-6. Defendants also move to strike the request for pre-judgment interest. *Id*. at 6, 7; *id*. at 6, 7.

# DISCUSSION

**A. Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).**

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint," *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983), considering the lack of a cognizable legal theory or the absence of sufficient facts. *Balistreri v. Pacifica Police Department*, 901 F.2d at 699. Material allegations are taken as true and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Applied here, the Complaint states a claim upon which relief can be granted. The Complaint gives Defendants notice that Plaintiff D. Varney sustained an asbestos-caused disease, mesothelioma, the "what"; the timeframe of asbestos exposure, 1957-1972, the "when"; the location of the harm, two naval shipyards, the "where"; and a theory of causation, ambient exposure from an enumerated list of asbestos-containing products, the "how." Fed. R. Civ. P. 8(a)(2) requires only that the Complaint be a "short and plain statement of the claim showing that the pleader is entitled to relief." Under this standard, viewed in light of *Iqbal* and *Twombly*, the

pleadings are sufficient. Because the Complaint states a claim upon which relief can be granted, Defendants' motions to dismiss for failure to state a claim should be denied.

**B. Dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).**

Fed.R.Civ.P. 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir.2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn.App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d 797, 800–01 (9th Cir.2004).

To exercise personal jurisdiction over a nonresident defendant under federal, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, citing *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In determining whether a defendant had minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186 (1977). Personal jurisdiction exists in two forms, general (which Defendants do not contest, Dkts. 118 and 120 at FN2) and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002). To establish specific jurisdiction, the plaintiff must show: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-

related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir.2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Plaintiff has the burden to make the prima facie showing of jurisdiction. *Ziegler*, 64 F.3d 470, 473 (9th Cir.1995).

As a threshold matter, the Court notes that Plaintiffs have not submitted written materials in the form of affidavit or otherwise to make their showing, instead relying on the Complaint. "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800. Defendants have not controverted any of the factual allegations derived from the Complaint relied upon by Plaintiffs in their showing of personal jurisdiction.

Regarding purposeful availment, Plaintiff points to the allegation that Defendants "purposefully plac[ed] asbestos-containing products into the stream of commerce in the state of Washington, and into Pierce County, and the counties of [Plaintiff D. Varney's] exposure." Dkt. 107 at 12, citing Dkt. 1-2 at 4; Dkt. 108 at 12. This showing is sufficient under *Worldwide Volkswagen*, 444 U.S. 286 (1980) and its progeny. Assuming that Defendants purposefully placed their products in this state, their actions would create a substantial connection with the state such that Defendants should reasonably anticipate being haled into court here. *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987).

Regarding the second element, Plaintiffs argue that this element is satisfied because Defendants would not be in this case "but for" their having placed asbestos-containing products in the stream of commerce. Dkt. 107 at 17; Dkt. 108 at 17. Because of sales of Defendants' products in Washington, Plaintiff D. Varney was exposed to asbestos in Washington and later developed mesothelioma, Plaintiffs argue. *Id*. This is a sufficient showing.

1       Regarding the third element, Plaintiffs argue that the exercise of jurisdiction over Defendants is reasonable because (1) the State of Washington has an interest in protecting its citizens from hazardous products; (2) Defendants have not suggested another state that would be more convenient for them; (3) Defendants have economically benefitted from their activities in this state; and (4) declining jurisdiction would force Plaintiffs and others similarly situated to split up their causes of action among multiple jurisdictions, which would be of significant inconvenience to Plaintiffs and could create inconsistent results. Dkt. 107 at 18, 19; Dkt. 108 at 18, 19. This is a sufficient showing.

      Because Plaintiffs' showing is sufficient under federal law, the showing is also sufficient under state law.

      Defendants' Reply argues that Plaintiffs have missed the thrust of Defendants' personal jurisdiction challenge. Dkt. 118 at 5, 6; Dkt. 120 at 5, 6. Without more specific allegations about how Plaintiff D. Varney used Defendants' products, Defendants argue, "it is unclear whether [his] alleged injury arose out of his work with [Defendants'] products in Washington only, in California only, or in both[.]" *Id*. Defendants' argument amounts to a challenge under Rule 12(b)(6) framed as a challenge to personal jurisdiction. The argument mistakenly focuses on Plaintiff D. Varney's injury rather than on Defendants' Washington-related conduct. Personal jurisdiction jurisprudence focuses on whether "the defendant has sufficient contacts with the sovereign[.]" *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011)(J. Kennedy, concurring). Defendants also contend that "[i]f plaintiffs do not have specific information that [Plaintiff D. Varney] ever worked with [Defendants'] product in the state of Washington, there is no jurisdictional discovery from [Defendants] that can remedy that deficiency." *Id*. This argument fails for the same reason.

1    Plaintiffs have met their prima facie burden to show personal jurisdiction over

2    Defendants. Further information about Defendants' conduct may yet show that Defendants did

3    not purposefully place their products into the stream of commerce in Washington, but at present,

4    the showing is sufficient. Therefore, Defendants' motions to dismiss for lack of personal

5    jurisdiction should be denied without prejudice.

**C. Dismissal for lack of standing of Plaintiff D. Varney's claims because he is deceased.**

Defendants argue that Plaintiff D. Varney lacks standing because he is deceased, and his claims can only be prosecuted by the personal representative of his estate. Dkt. 66 at 5; Dkt. 72 at 5. To date no personal representative has been named, Defendants maintain, nor have Plaintiffs made any showing that efforts have been made to secure a personal representative. Dkt. 118 at 6; Dkt. 120 at 6. Defendants seek dismissal of Plaintiff D. Varney's claims, or in the alternative, that the Court order substitution of the proper party under Rule 25(a). *Id*.

Plaintiffs acknowledge the Plaintiff D. Varney passed away on February 8, 2018, but, they argue, Rule 25(a)(1) gives Plaintiffs time to substitute a party, and once a personal representative has been appointed Plaintiffs plan to do so. Dkt. 107 at 8; Dkt. 108 at 8.

Under Fed. R. Civ. P. 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party[,]" or the decedent's successor or representative may file a motion for substitution, which must be made "within 90 days after service of a statement noting the death, or the action . . . must be dismissed."

The Court presently declines to order substitution by a date certain, because there is no showing that Plaintiffs are attempting to delay substitution. To the contrary, Plaintiffs' counsel represents that she will timely substitute Plaintiff D. Varney's representative. Defendants' motions to dismiss for lack of standing should be denied without prejudice.

**D. Striking the request for pre-judgment interest.**

Defendants seek to strike Plaintiffs' request for "prejudgment interest in the amount to be proven at trial," Dkt. 1-2 at 6, arguing that under Washington law prejudgment interest is not available for claims of unliquidated damages, and in this case, the exact amount of damages is unliquidated, because it cannot be ascertained prior to verdict. Dkt. 66 at 6; Dkt. 72 at 6.

Plaintiffs argue that prejudgment interest is warranted by a plain reading of RCW 4.56.110(3)(b) and *Hadley v. Maxwell*, 120 Wn. App. 137 (2004). Dkt. 107 at 20; Dkt. 108 at 20.

From the pleadings it is unclear what "prejudgment interest" Plaintiffs seek, but Plaintiffs' theory better emerges from consideration of Plaintiffs' Response, which invokes RCW 4.56.110(3)(b) and relies on *Hadley*. Dkt. 107 at 20; Dkt. 108 at 20. It appears that Plaintiffs seek interest based on a jury verdict, to run from the date of the jury verdict until the final entry of judgment, e.g., after appeal. This is precisely what RCW 4.56.110(3)(b) contemplates. The statutes reads: "in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered." Depending on how trial and appeal unfolds, this situation could be similar to that in *Hadley*, which affirmed interest running from the date of a jury verdict through appeal and remand until final judgment. Defendants' motions to strike should be denied without prejudice.

Should the case proceed to verdict, this Order should not be construed as a finding as to whether any damages are liquidated or unliquidated, or whether Plaintiffs are entitled to interest allowable at law.

* * *

Therefore, it is HEREBY ORDERED that Defendant Taco, Inc.'s Motion to Dismiss and Motion to Strike (Dkt. 66) and Defendant Aurora Pump Corporation's Motion to Dismiss and Motion to Strike (Dkt. 72) are DENIED as follows:

(1) Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6): Denied.

(2) Dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2): Denied without prejudice.

(3) Dismissal of Plaintiff Donald Varney's claims for lack of standing: Denied without prejudice.

(4) Striking the request for prejudgment interest: Denied without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of March, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge