# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DONALD VARNEY and MARIA VARNEY,

    Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

    Defendants.

CASE NO. 3:18-cv-05105-RJB

ORDER ON DEFENDANT FRYER-KNOWLES, INC.'S MOTION TO DISMISS

This case comes before the Court on the Motion of Defendant Fryer-Knowles, Inc. (a California Corporation) to Dismiss pursuant to Rule 12 (b)(2). Dkt. 123. The Court has considered the pleadings filed regarding the motion and the file herein. The Court deems oral argument unnecessary.

## **BACKGROUND**

**A. The Complaint.**

The Complaint alleges that Defendants manufactured, distributed, "and/or" sold asbestos-containing brakes, clutches, gaskets, and grinders (Dkt. 1-2 at 3) and further alleges as follows:

ORDER ON DEFENDANT FRYER-KNOWLES, INC.'S MOTION TO DISMISS - 1

Plaintiff Donald Varney developed mesothelioma, an asbestos-caused condition, from ambient exposure from Defendants' products while working as a marine machinist, mechanical instrument mechanic, and auto mechanic. *Id*. at 5. Plaintiff D. Varney was exposed to asbestos from Defendants' products at the Puget Sound Naval Shipyard in Bremerton, Washington, and the Hunters Point Naval Shipyard in San Francisco, California, between 1957 and 1972. *Id*. at 5. He was also exposed to asbestos from Defendants' products during personal auto repair from 1939 to 1957, and he had secondary exposure from his father, an auto mechanic in Seattle, Washington, during the 1940's and 1950's. *Id*. at 5. Plaintiff D. Varney has sustained economic and non-economic harm from his mesothelioma condition, while his wife, Plaintiff Maria Varney, has sustained a loss of consortium. *Id*. at 6. Plaintiffs seek, *inter alia*, general and special damages, costs, and prejudgment interest. *Id*.

**B. Defendant's motion.**

Defendant Fryer-Knowles, Inc., a California corporation, seeks dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12 (b)(2). Plaintiff did not respond to the motion.

## DISCUSSION

Fed. R. Civ. P. 12 (b)(2) governs the dismissal of an action based on lack of personal jurisdiction. Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir.2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn.App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under

state law and federal due process are the same. *Schwarzenegger*, 374 F.3d 797, 800–01 (9th Cir.2004).

To exercise personal jurisdiction over a nonresident defendant under federal law, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801, (*citing International Shoe v. Washington*, 326 U.S. 310, 316 (1945). In determining whether a defendant had minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186 (1977). Personal jurisdiction exists in two forms, general and specific. *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown,* 564 U.S. 15, 919 (2011). In order for a court to exercise specific jurisdiction over a foreign defendant corporation, the following is required: (1) the defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir.2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Plaintiff has the burden to make the prima facie showing of jurisdiction. *Ziegler*, 64 F.3d 470, 473 (9th Cir.1995).

Defendant Fryer-Knowles, Inc., as a non-resident defendant, argues that Plaintiff is unable to show this court has either general or specific jurisdiction over it for the relevant time

period. It argues Plaintiff cannot show it had "certain minimum contacts" with Washington during the relevant period because it was incorporated in 1973, the year after Plaintiff's last asserted exposure in 1972. Accordingly, it maintains Plaintiff cannot show it had the "minimum contacts" required under *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) for this Court to have personal jurisdiction over it.

Defendant Fryer-Knowles, Inc.'s motion to dismiss (Dkt. 123) should be granted. There is no evidence this Court has general jurisdiction over this non-resident defendant. Its affiliations with Washington were not so "continuous and systematic" during the time in question so "as to render [it] essentially at home" in Washington. Moreover, there is no evidence this Court has specific jurisdiction over it. The uncontroverted evidence in the record is that this Defendant was not incorporated until August 29, 1973. Dkt. 124, at 3 and 7-8. It could not place any product into the stream of commerce before that time (the time period Plaintiff alleges he was injured) because it did not exist. *Id.,* at 3. Plaintiff does not contest this evidence or respond to the motion. This Court does not have personal jurisdiction over Defendant Fryer-Knowles, Inc., and the case against it should be dismissed.

Therefore, it is **HEREBY ORDERED** that:

- The Motion of Defendant Fryer-Knowles, Inc. (a California Corporation) to Dismiss pursuant to Rule 12 (b)(2) (Dkt. 123) **IS GRANTED**; and
- The claims against Defendant Fryer-Knowles, Inc. **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of April, 2018.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge