UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD VARNEY and MARIA VARNEY,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05105-RJB<br><br>ORDER ON DEFENDANT BNS COMPANY'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant BNS Company's Motion for Summary Judgment. Dkt. 141. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. Plaintiffs' request for oral argument is deemed unnecessary.

A. *Background.*

This case centers on the allegation that Plaintiff Donald Varney developed mesothelioma, an asbestos-caused condition, from ambient exposure to asbestos from Defendants' products. Dkt. 1-2. The Complaint alleges asbestos exposure at Puget Sound Naval Shipyard in Bremerton,

Washington, and the Hunters Point Naval Shipyard in San Francisco, California, between 1957 and 1972. *Id*. at 5. It is also alleged that Plaintiff D. Varney sustained exposure from Defendants' products during personal auto repair from 1939 to 1957 and secondary exposure from his father, an auto mechanic in Seattle, Washington, during the 1940's and 1950's. *Id*. at 5.

Plaintiffs filed the case in Pierce County Superior Court on February 2, 2018, and Defendants removed the case on February 12, 2018. Dkt. 1-2 at 1. The Complaint names over forty (40) defendants, some of whom filed Rule 12(b) motions to dismiss, which the Court has ruled on. Dkts. 122, 133. By Minute Order issued May 3, 2018, the Court set deadlines, including February 25, 2019 for completion of discovery, and June 24, 2019 for trial. Dkt. 143.

BNS brings this motion for summary judgment pursuant to Fed. R. Civ. P. 56. BNS argues that Plaintiffs have failed to present any evidence of asbestos exposure from products manufactured, sold, or supplied by BNS. Dkt. 141 at 3. In support of its motion, counsel to BNS has submitted a copy of Plaintiffs' Answers to Interrogatories in a prior lawsuit, which was dismissed without prejudice. Dkt. 142-2. *See Donald Varney and Maria Varney v. Air & Liquid Systems Corp*., W.D.Wash. Cause No. 2:17-cv-01902-JLR, Dkt. 116 (dismissal without prej. on Feb. 2, 2018). In this discovery response, dated January 16, 2018, Plaintiffs identify asbestos-containing products, such as gaskets and boilers, and identify the names of manufacturers, sellers, and distributors, such as John Crane, Westinghouse and Foster Wheeler. *Id*. 18, 19. The companies named in Plaintiffs' Answers to Interrogatories do not include BNS. *Id*.

In BNS' Reply, BNS has attached Plaintiffs' Responses to BNS' First Set of Interrogatories and Requests for Production, Dkt. 161-1, wherein Plaintiffs do not identify a specific BNS product or timeframe. *See id*. at 13-18. BNS represents that Plaintiffs have produced other discovery that does not mention or identify BNS. Dkt. 161 at ¶2.

B. *Discussion.*

Under Fed. R. Civ. P. 56 (d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Applied here, the Court should exercise its discretion under Rule 56(d) to deny BNS' motion without prejudice as premature. In support of BNS' motion for summary judgment, BNS has submitted discovery and requests dismissal, but Plaintiffs have articulated their need for additional time to complete discovery. They have requested that the Court protect their "right to conduct [the] case within the schedule . . . agreed upon by the parties, including a reasonable time to conduct discovery." Dkt. 158 at 3. While case management ultimately falls within the purview of judicial discretion and is not a matter of "right," BNS has not articulated any convincing basis to depart from the current scheduling order. Nearly eight months remain for discovery. Plaintiffs should be given the chance to pursue discovery on BNS and others to develop any issues of material fact. The motion for summary judgment should be denied without prejudice.

BNS' Reply argues that Plaintiffs have no evidence to defeat BNS' motion, and Plaintiffs have failed to show what specific facts they hope to discovery. Dkt. 160 at 1, 2. Plaintiffs' counsel has only proffered "pure speculation and conjecture," BNS argues. *Id*. BNS requests that the following statement by Plaintiffs' counsel be stricken:

> Similarly, Plaintiffs intend to seek discovery related to the asbestos-containing products manufactured, sold, and/or distributed by BNS and when and where Don Varney was exposed to BNS products.

ORDER ON DEFENDANT BNS COMPANY'S MOTION FOR SUMMARY JUDGMENT - 3

Dkt. 158-1 at ¶7. According to BNS, "this lacks foundation, assumes facts not in evidence and is pure speculation given there has been no evidence produced or testimony by Plaintiff that he was ever near a BNS product." *Id*. at 3.

BNS' motion to strike is not well-taken. The motion is denied.

*C. Order.*

THEREFORE, it is HEREBY ORDERED that Defendant BNS Company's Motion for Summary Judgment (Dkt. 141) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of May, 2018.

ROBERT J. BRYAN
United States District Judge