Randy J. Aliment, WA Bar No. 11440
Marc M. Carlton, WA Bar No. 40069
Lewis Brisbois Bisgaard & Smith LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Phone: (206) 436-2020
Fax: (206) 436-2030
randy.aliment@lewisbrisbois.com
marc.carlton@lewisbrisbois.com
SERVICE: Seattle-Asbestos@lewisbrisbois.com
*Attorneys for Defendant Flowserve US, Inc.*
*as successor-in-interest to Edward Valves, Inc.*

HON. ROBERT J. BRYAN
Trial Date: July 29, 2019

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| DONALD VARNEY and MARIA VARNEY, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORP., et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-05105-RJB<br><br>**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC., SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC.**<br><br>ORAL ARGUMENT REQUESTED<br><br>Note on Motion Calendar: February 15, 2019 |

## I.      RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 56, Defendant Flowserve US, Inc., solely as successor-in-interest to Edward Valves, Inc., (hereinafter, "Edward Valves") requests that plaintiffs' claims be dismissed with prejudice because there is no evidence that decedent Donald Varney was ever exposed to asbestos from a product made or supplied by Edward Valves, or a product for which Edward Valves is legally responsible.  Without that threshold evidence, there is no evidence supporting any of plaintiffs' tort-based claims, or their claims of willful and wanton conduct, concert of action and conspiracy, premises liability, extra-hazardous employment, or "any other

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 1
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

4815-3868-6342.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020

1  applicable theory of liability." Edward Valves is therefore entitled to summary judgment as a

2  matter of law.

3  ## II.      FACTUAL BACKGROUND

4        Plaintiffs allege that the decedent was exposed to asbestos and asbestos-containing

5  products while working as a marine machinist at the Puget Sound Naval Shipyard and at the

6  Hunter's Point Naval Shipyard, and while performing automobile and motorcycle repair work.

7  Complaint, ¶ 54 (Dkt. 19-2). Plaintiffs alleged that 46 different product manufacturers,

8  suppliers, and other entities are responsible for causing the decedent's asbestos-related disease

9  and death. *Id.*, Caption. Plaintiffs' claim against defendants include product liability,

10  negligence, strict product liability (Restatement (Second) of Torts § 402A and/or 402B),

11  conspiracy, premises liability, and "any other applicable theory of liability," including, if

12  applicable, product liability under RCW 7.72.et seq. *Id.*, ¶ IV.

13        However, there is no admissible evidence to support plaintiffs' claims that the decedent

14  was ever exposed to an asbestos-containing product manufactured or introduced into the chain of

15  commerce by Edward Valves. The decedent passed away on February 8, 2018[1] – before his

16  deposition was taken. The decedent therefore provided no admissible evidence to support the

17  allegations in the complaint. Plaintiffs also have come forward with no fact witness or other

18  admissible evidence to show that (1) the decedent worked with or around a valve that was

19  manufactured or sold by Edward Valves, (2) the valve contained original gaskets or packing sold

20  by Edward Valves, and (3) the original gaskets or packing contained asbestos. Due to the

21  absence of that evidence, Edward Valves is entitled to summary judgment and plaintiffs' claims

22  should be dismissed.

23  ## ISSUES PRESENTED

24        1.      Should plaintiffs' product liability claims against Edward Valves be dismissed

25  with prejudice pursuant to Fed. R. Civ. P. 56 when there is no evidence that (a) the decedent was

26

27  [1]  Carlton Dec., Ex. 1.

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 2
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

4815-3868-6342.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

exposed to an asbestos-containing product manufactured or supplied by Edward Valves; or (b) the decedent's disease was substantially caused by inhaling asbestos fibers released from a product manufactured or supplied by Edward Valves?

2.     Should plaintiffs' product liability and negligence claims against Edward Valves be dismissed with prejudice when plaintiffs lack any admissible evidence that Edward Valves failed to warn the decedent regarding the hazards of asbestos in products manufactured or supplied by other entities.

3.     Should plaintiffs' claims for willful and wanton conduct, concert of action and conspiracy, premises liability, extra-hazardous employment [former RCW 49.16.030], and "any other applicable theory of liability" against Edward Valves should be dismissed with prejudice when plaintiffs lack any admissible evidence in support of those claims?

## III.     EVIDENCE RELIED UPON

This motion is based upon the Declaration of Marc M. Carlton, and the exhibits attached thereto; the records and papers on file with the Court Clerk in this matter; and the law as set forth below.

## IV.     ARGUMENT

**A.     Summary Judgment Standard.**

Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  A fact is "material" if it might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d. 202, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A factual dispute is " 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)(citing *Anderson*, 477 U.S. at 248-49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  If the

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 3
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

4815-3868-6342.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

1    moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of

2    such a dispute in two ways:  (1) by producing evidence negating an essential element of the

3    nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an

4    essential element of its claim or defense.  *Nissan Fire & Marine Ins. Co. v. Fritz Companies,*

5    *Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).  If the moving party meets its burden of production,

6    the burden then shifts to the nonmoving party to identify specific facts from which a fact finder

7    could reasonably find in the nonmoving party's favor.  *Celotex*, 477 U.S. at 324; Anderson, 477

8    U.S. at 252.

9          No longer are judges required to submit a question to a jury merely
10         because some evidence has been introduced by the party having the
           burden of proof, unless the evidence be of such character that it
11         would warrant the jury in finding a verdict in favor of that party. . . .
           [T]here is a preliminary question for the judge, not whether there is
12         literally no evidence, but whether there is any evidence upon which a
           jury could properly proceed to find a verdict for the party producing
13         it, upon whom the onus of proof is imposed.

14

15   *Anderson*, 477 U.S. at 250.

16         The court is "required to view the facts and draw reasonable inferences in the light most

17   favorable to the [nonmoving] party."  *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L.

18   Ed. 2d 686 (2007).  The court may not weigh evidence or make credibility determinations in

19   analyzing a motion for summary judgment because those are "jury functions, not those of a

20   judge."  *Anderson*, 477 U.S. at 249-50.  Nevertheless, the nonmoving party "must do more than

21   simply show that there is some metaphysical doubt as to the material facts....  Where the record

22   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

23   genuine issue for trial."  *Scott*, 550 U.S. at 380 (internal quotation marks omitted) (quoting

24   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.

25   Ed. 2d 538 (1986)).

26   / / / /

27   / / / /

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 4
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

4815-3868-6342.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

1    In short, "summary judgment should be granted where the nonmoving party fails to offer

2    evidence from which a reasonable [fact finder] could return a [decision] in its favor."

3    *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220 (9th Cir. 1995).

4    **B.    There is No Evidence that the Decedent was *Ever* Exposed an Asbestos-Containing
          Product Manufactured, Sold, or Supplied by Edward Valves.**

5

6    Plaintiffs' claims against Edward Valves fail because plaintiffs cannot show that the

7    decedent ever worked with or around a product manufactured, sold or supplied by Edward

8    Valves, which contained asbestos and contributed to his disease and death.  Under applicable

9    Washington law relating to asbestos personal injury cases, the plaintiff must identify the

10   particular manufacturer of the product that allegedly caused the injury and "establish a

11   reasonable connection between the injury, the product causing the injury, and the manufacturer

12   of the product."  *Lockwood v. AC&S, Inc.*, 109 Wash. 2d 235, 744 P.2d 605, 612 (1987).

13   In asbestos cases, plaintiffs may rely on circumstantial evidence that the manufacturer's

14   products were the source of their asbestos exposure, but it is not enough to merely speculate that

15   the manufacturer's product was the source of a decedent's asbestos disease.  There must also be

16   evidence of a causal link between that product and the injured party's asbestos exposure.

17   *Van Hout v. Celotex Corp.*, 121 Wash. 2d 697, 853 P.2d 908, 913 (1993).  Factual allegations

18   must be enough to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*,

19   550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller,

20   Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also, Claytor v. Owens-*

21   *Corning Fiberglass Corp.*, 662 A.2d 1374, 1384 (D.C. App. 1995) (court has the duty to

22   withdraw a case from the jury when the necessary inferences of exposure to a particular

23   defendant's asbestos product are so tenuous that it rests upon mere speculation and conjecture).

24   Affidavits which do not support the allegation that the plaintiff inhaled asbestos dust in

25   places where, and at times when, a manufacturer's product was being installed or where dust

26   from such products was airborne are insufficient to send a case to the jury.  *Benshoof v.*

27   *Nat'l Gypsum Co.*, 978 F.2d 475, 477 (9th Cir. 1992) (*cf. Lockwood*, 744 P.2d at 612-13, where

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 5
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

4815-3868-6342.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

1   testimony that the defendant's asbestos product was used and that asbestos dust from the product

2   was inhaled was sufficient to withstand motion for directed verdict). Consequently, to survive

3   summary judgment, plaintiffs here must produce admissible evidence that the decedent was

4   actually exposed to respirable asbestos fibers originating from a Edward Valves product.

5       In *Lockwood*, the Court outlined a number of factors that determine whether there is

6   sufficient evidence for a jury to find that causation has been established in an asbestos case:

7           They should consider the evidence of plaintiff's proximity to the
            asbestos product when the exposure occurred and the expanse of the
8           work site where asbestos fibers were released. They should also take
            into account the extent of time that the plaintiff was exposed to the
9           product. As the time of exposure to asbestos dust increases, so does
            the severity of diseases associated with such exposure.
10

11   *Lockwood*, 744 P.2d at 613. "The mere existence of a scintilla of evidence in support of the non-

12   moving party's position is not sufficient." *Triton Energy Corp.*, 68 F.3d at 1221.

13      In this case, there is no admissible evidence showing that that valve manufactured or sold

14   by Edward Valves was present on one or more of the decedent's worksites, much less evidence

15   that the valve contained original asbestos-containing gaskets or packing. As a result, plaintiffs

16   have no way to establish that the decedent was ever exposed to asbestos from such a product. It

17   follows that plaintiffs also cannot show the decedent was exposed to asbestos fibers from an

18   Edward Valves product in sufficient concentrations to cause or contribute to his disease.

19   Plaintiffs therefore cannot satisfy a single *Lockwood* factor, and their claims against Edward

20   Valves should be dismissed with prejudice.

21   **C.   There is No Evidence that the Decedent's Disease was Caused by Exposure to an
         Edward Valves Product.**
22

23      To avoid summary judgment, plaintiffs also must also show there is a causal link between

24   the defendant's product and the injured party's disease. *Van Hout*, 853 P.2d at 913. That is,

25   plaintiffs must offer evidence showing there was actual exposure to asbestos fibers from a

26   Edward Valves product, and that the exposure was a substantial factor in causing the decedent's

27   asbestos-related disease. As explained above, plaintiffs cannot provide evidence of even a single

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 6
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

4815-3868-6342.1

1    instance where the decedent worked with or around an asbestos-containing product for which

2    Edward Valves is responsible.  The absence of such evidence precludes plaintiffs' medical

3    experts from drawing a causal connection between the decedent's illness and any Edward Valves

4    product.

5         In addition to the *Lockwood* factors outlined above, plaintiffs must also prove medical

6    causation of the alleged disease.  To do so, plaintiffs must prove (1) the presence of a Edward

7    Valves product that (2) contained or was used in conjunction with asbestos, (3) released fibers,

8    (4) which were inhaled by the decedent, and (5) that the encounter was sufficient to be a

9    substantial factor causing the decedent's asbestos-related disease.  *See Mavroudis v. Pittsburgh-*

10   *Corning Corp.*, 86 Wash. App. 22, 28, 935 P.2d 684, 689 (1997); *see also, Barabin v. Albany*

11   *Int'l Corp.*, C07-1454RSL, 2009 WL 2578967, at *5 (W.D. Wash., Aug. 18, 2009)

12   (unpublished) (Washington law requires plaintiffs to establish that exposure to asbestos from a

13   manufacturer's product was a "substantial factor" in causing plaintiff's illness).

14        Here, again, there is no evidence of a physical nexus between the decedent and asbestos

15   fibers from an Edward Valves product.  There is no testimony regarding the decedent's

16   proximity to an Edward Valves product, the duration of any such exposure, or the intensity of

17   any such exposure.  In the absence of that evidence, Edward Valves is entitled to summary

18   judgment.

19   **D.    Edward Valves Did Not Have an Affirmative Duty to Warn of Asbestos Hazards for
20          Products Supplied By Others.**

21        In addition to the foregoing reasons to dismiss plaintiffs' claims against Edward Valves,

22   there is no basis for plaintiffs' claim that Edward Valves had a duty to warn the decedent about

23   potential hazards related to products manufactured and sold *by other companies*.  In *Simonetta v.*

24   *Viad Corp.*, 165 Wash. 2d 341, 197 P.3d 127 (2008), the Washington Supreme Court held that a

25   manufacturer may not be held liable in common law, strict products liability, or negligence for

26   failure to warn of the dangers of asbestos exposure resulting from another manufacturer's

27   insulation applied to its products after sale of the products to the Navy.  *Id.*, 165 Wash 2d at 348-

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 7
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

4815-3868-6342.1

1  63, 197 P.3d at 131-38.  *See Schwartz v. Abex Corp.*, 106 F. Supp. 3d 626, 637 (E.D. Pa. 2015)

2  (in *Simonetta*, "the Supreme Court of Washington determined that, 'the completed product was

3  the evaporator as delivered by Viad to the Navy, sans [i.e., without] asbestos insulation.'").

4       In the companion case of *Braaten v. Saberhagen Holdings, et al.*, 165 Wash. 2d 373,

5  198 P.3d 493 (2008), the Court reached the same conclusion with regard to replacement gaskets

6  or packing that were not supplied by the original equipment manufacturer, explaining:

7       We hold that the general rule that there is no duty under common
8       law products liability or negligence principles to warn of the dangers
         of exposure to asbestos in other manufacturers' products applied
9       with regard to replacement packing and gaskets.  The defendants did
         not sell or supply the replacement packing or gaskets or otherwise
10      place them in the stream of commerce, did not specify asbestos-
         containing packing and gaskets for use with their valves and pumps,
11      and other types of materials could have been used.  In addition, the
         evidence is insufficient to show that Mr. Braaten was exposed to the
12      original packing and gaskets supplied by these defendants.
         Accordingly, we reverse the Court of Appeals and reinstate the trial
13      court's orders of summary judgment in favor of the defendants.

14  *Id.*, 165 Wash. 2d at 380-81, 198 P.3d 495-96.  The *Braaten* Court further explained:

15      As we held in *Simonetta*, a manufacturer has no duty under common
16      law products liability or negligence principles to warn of the dangers
         of exposure to asbestos in products it did not manufacturer and for
17      which the manufacturer was not in the chain of distribution.  These
         holdings apply here and foreclose the plaintiff's products liability
18      and negligence claims based on failure to warn of the danger of
         exposure to asbestos (1) in insulation applied to pumps and valves
19      the defendant-manufacturers sold to the Navy, where the
         manufacturers did not manufacture or sell the insulation and were
20      not in the chain of distribution of it, and (2) in replacement packing
         and gaskets installed in or connected to the pumps and valves after
21      they were installed aboard ships, where the manufacturers did not
         manufacture or sell the replacement packing and gaskets and were
22      not in the chain of distribution of these products.
23

24  *Id.*, 165 Wash. 2d at 398, 198 P.3d at 504.  Thus, even if there was evidence that the

25  decedent had worked around some other manufacturer's product that was used in

26  connection with an Edward Valves product (which there is not), Edward Valves had

27  no duty to provide a warning about that *other* product.

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC.,
SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC. - 8
USDC WD WA CASE NO. 3:18-cv-05105-RJB

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

4815-3868-6342.1

1  **E.      Plaintiffs' Claims under "Any Other Applicable Theory of Liability" Should Be**
2  **Dismissed.**

3          Plaintiffs' claims of willful and wanton conduct, conspiracy, premises liability, and

4  "any other applicable theory of liability" should be dismissed as inconsistent with Washington

5  law.  There is no evidence that Edward Valves was ever involved in any conspiracy or any other

6  conduct giving rise to any such cause of action or theory of liability.  There is no evidence that

7  Edward Valves ever owned any premises where the decedent was exposed to asbestos.  Because

8  plaintiffs have not, and cannot, produce facts or legal arguments in support of any such claims

9  against Edward Valves, all such claims should be dismissed with prejudice.

10                             V.      <u>CONCLUSION</u>

11          For the reasons and authorities stated above, Edward Valves respectfully requests that the

12  Court grant this motion and issue an Order dismissing all of Plaintiffs claims against Edward

13  Valves with prejudice.

14  DATED: January 24, 2019.              LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16                                       *s/ Randy J. Aliment*
                                         Randy J. Aliment, WA Bar No. 11440
17

18                                       *s/ Marc M. Carlton*
                                         Marc M. Carlton, WA Bar No. 40069
19

20                                       1111 Third Avenue, Suite 2700
                                         Seattle, Washington  98101
21                                       Phone: (206) 436-2020
                                         Fax: (206) 436-2030
22                                       randy.aliment@lewisbrisbois.com
                                         marc.carlton@lewisbrisbois.com
23                                       SERVICE: Seattle-Asbestos@lewisbrisbois.com
                                         *Attorneys for Defendant Flowserve US, Inc., solely as*
24                                       *successor-in-interest to Edward Valves, Inc.*

25

26

27

## DECLARATION OF SERVICE
### (Varney)

I hereby certify that on January 24, 2019, I electronically filed the foregoing **MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FLOWSERVE US, INC., SOLELY AS SUCCESSOR-IN-INTEREST TO EDWARD VALVES, INC.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

***Attorneys for Plaintiffs:***
Benjamin R. Couture:  ben@weinsteincouture.com
Brian Weinstein:  brian@weinsteincouture.com
Benjamin H. Adams (*admitted pro hac vice*):  badams@dobllp.com
Lisa W. Shirley (*admitted pro hac vice*):  LShirley@dobllp.com

***Attorneys for Air & Liquid Systems Corporation, Velan Valve Corporation:***
Mark B Tuvim:  mtuvim@gordonrees.com
Kevin J. Craig:  kcraig@gordonrees.com
Trevor J. Mohr:  tmohr@gordonrees.com

***Attorney for BW/IP Inc.:***
Christine E. Dinsdale:  dinsdale@sohalang.com

***Attorney for Armstrong International Inc.:***
David E. Chawes:  dchawes@pregodonnell.com
Bennet J. Hansen:  bhansen@pregodonnell.com
William E. Fitzharris, Jr.:  wfitzharris@pregodonnell.com
Stephanie B. Ballard:  sballard@pregodonnell.com

***Attorney for Blackmer Pump Company:***
Claude Bosworth:  cbosworth@rizzopc.com

***Attorney for BNS Co.:***
Michael A. Jaeger:  michael.jaeger@lewisbrisbois.com
Rachel T. Reynolds:  Rachel.Reynolds@lewisbrisbois.com

***Attorney for Carrier Corporation; Parker-Hannifin Corporation:***
Nicole R. MacKenzie:  nmackenzie@williamskastner.com
Ryan W. Vollans:  rvollans@williamskastner.com
Jessica M. Cox:  jcox@williamskastner.com
Nicholas R Major:  nmajor@williamskastner.com

***Attorney for Crane Co., Crane Environmental Inc.:***
G. William Shaw:  bill.shaw@klgates.com
Ryan J. Groshong:  ryan.groshong@klgates.com

DECLARATION OF SERVICE - 1
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington  98101
206-436-2020

4815-3868-6342.1

*Attorney for Crosby Valve, LLC; Elliott Turbomachinery Co. Inc.; The Goodyear Tire & Rubber Company; Goulds Pumps LLC; Grinnell LLC, ITT LLC:*
Ronald C. Gardner:  rgardner@gandtlawfirm.com

*Attorney for Crown Cork & Seal Company, Inc.; Foster Wheeler Energy Corporation; General Electric Company; The Gorman-Rupp Company:*
Christopher S. Marks:  cmarks@tktrial.com
Alice C. Serko:  aserko@tktrial.com
Barry Neal Mesher:  bnm@bnmesherlaw.com

*Attorney for FMC Corporation; Sterling Fluid Systems (USA) LLC:*
Katherine M. Steele:  asbestos@bullivant.com
Michael Mackenzie Brown:  mac.brown@bullivant.com

*Attorney for IMO Industries, Inc.:*
James E. Horne:  jhorne@gth-law.com
Michael Edward Ricketts:  mricketts@gth-law.com

*Attorney for Metropolitan Life Insurance Company:*
Richard G. Gawlowski:  gawlowski@wscd.com

*Attorney for Weir Valves & Controls USA, Inc.:*
Dana C. Kopij:  dkopij@williamskastner.com

*Attorney for SB Decking Inc.:*
J. Michael Mattingly:  mmattingly@rizzopc.com

*Attorney for Uniroyal Holding Inc.:*
Chris R. Youtz:  chris@sylaw.com

*Attorney for Viking Pump, Inc.:*
Todd M. Thacker:  tthacker@jjrlaw.com

*Attorney for Warren Pumps, LLC:*
Allen Eraut:  aeraut@rizzopc.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of January, 2019, at Portland, Oregon.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*s/ Stacey Miller*
Stacey Miller, Legal Secretary
stacey.miller@lewisbrisbois.com

DECLARATION OF SERVICE - 2
USDC WD WA CAUSE NO. 3:18-cv-05105-RJB

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020

4815-3868-6342.1