The Honorable Robert J. Bryan
Trial Date: August 19, 2019

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD VARNEY AND MARIA VARNEY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION; et al.,<br><br>Defendants. | No. 3:18-cv-05105-RJB<br><br>DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTED ON MOTION CALENDAR: March 8, 2019<br><br>ORAL ARGUMENT REQUESTED |

## I.   **RELIEF REQUESTED**

Pursuant to Fed. R. Civ. P. 56, defendant General Electric Company ("General Electric") asks the Court to dismiss Plaintiff's claims against it. Plaintiff alleges decedent Donald Varney contracted mesothelioma due to asbestos exposure during his career as a shipyard worker between 1957 and 1972.  While Plaintiff makes these allegations against all named defendants, there is no admissible evidence Mr. Varney was exposed to respirable asbestos from a product manufactured, sold, or supplied by General Electric.  On that basis, there is no evidence from which a reasonable juror could conclude that Mr. Varney's alleged disease was caused by General Electric. Dismissal as a matter of law is warranted.

//

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 1
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

## II. STATEMENT OF FACTS

This asbestos-wrongful death case was originally filed as a personal injury claim in Pierce County Superior Court against forty-five (45) defendants on February 2, 2018.[1] Plaintiff alleges Mr. Varney was exposed to asbestos while working as a marine machinist at Puget Sound Naval Shipyard (PSNS) and Hunter's Point Naval Shipyard (HPNS), and while performing automotive repair work.[2]

Shortly after the filing of the Complaint, Mr. Varney passed away on February 8, 2018.[3] Mr. Varney died before he could be deposed in this case. To date, there is no admissible evidence to establish Mr. Varney worked with around an asbestos-containing product manufactured, sold or supplied by General Electric. No fact witnesses have been presented to establish Mr. Varney's claims against General Electric, and no admissible evidence offered to establish his proximity, location, duration of use, and manner of use of asbestos-containing products he encountered at PSNS and HPNS. In the absence of any fact witnesses, admissible documents or testimony to establish Plaintiff's claims, dismissal of all claims against General Electric is warranted and appropriate.

## III. EVIDENCE RELIED UPON

General Electric's Motion for Summary Judgment is based on the records, documents and pleadings on file, and the Declaration of Christopher S. Marks in Support of General Electric's Motion for Summary Judgment, with exhibit.

## IV. ISSUE PRESENTED

Is Summary Judgment appropriate where Plaintiff fails to set forth any admissible evidence Mr. Varney was exposed to respirable asbestos fibers from products manufactured and/or supplied by General Electric and, on that basis, where there is insufficient evidence to establish exposure and/or causation under any theory of liability pursued by Plaintiff?

---

[1] *See,* Complaint (EFC No. 19-2). This was the second filing of the matter, that was originally filed on diversity grounds in U.S. District Court for the Western District of Washington at Seattle, and later dismissed for lack of diversity. *See* Declaration of Christopher S. Marks in Support of General Electric's Motion for Summary Judgment (Marks Decl.) ¶ 2.
[2] Complaint at 5 (ECF No. 19-2)
[3] Death Certificate, Ex. A to Marks Decl.

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 2
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

## V. ARGUMENT

### A. General Electric is Entitled to Judgment as a Matter of Law.

Summary judgment is authorized when, "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.[5] When the nonmoving party fails to establish an essential element of her case (that she will bear the burden of proof at trial), the moving party is entitled to judgment as a matter of law.[6] At the summary judgment stage, a defendant can satisfy its initial burden of production either by offering evidence affirmatively disproving an essential material fact or by showing that, despite an adequate opportunity for discovery, the Plaintiff lacks sufficient evidence to raise a genuine issue as to the fact in question.[7] Once the defendant meets this initial burden, the burden shifts to the plaintiff to go beyond the pleadings and to produce admissible evidence (as opposed to mere conclusions, speculation, or legal conclusions) sufficient to raise at least a genuine issue of fact as to the defendant's liability.[8]

To defeat this motion, Plaintiff must offer evidence from which an objectively reasonable juror could conclude that General Electric was a probable source of asbestos to which Mr. Varney was exposed and that a General Electric product was a substantial factor in causing Mr. Varney's alleged mesothelioma.[9] Because Plaintiff cannot do so, summary judgment is appropriate.

---

[4] Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ("A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.").
[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[7] *See, e.g., Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *GLW Ventures LLC v. United States Dep't of Agriculture*, 261 F. Supp. 3d 1098, 1102 (W.D. Wash. 2016); *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102, 1106 (9th Cir. 2000).
[8] *Anderson*, 477 U.S. at 256-57; *Fairbank*, 212 F.3d at 531; *GLW Ventures LLC*, 261 F. Supp. 3d at 1102.
[9] *See, e.g., Lindstrom v. A-C Product Liability Trust*, 424 F.3d 488, 492 (6th Cir. 2005) ( an essential element of any maritime law-based tort claim, whether framed in terms of negligence or strict liability, is proof that the defendant's conduct was a substantial factor in causing the plaintiff's injury); *Lockwood v. AC&S*, 109 Wn.2d 235, 245, 744 P.2d 605 (1987) (to raise a genuine issue of material fact, a plaintiff in an asbestos case must show "a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product.").

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 3
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

B. **There is No Admissible Evidence of Exposure to Asbestos from General Electric Equipment.**

Just like any product liability suit, Plaintiff must prove General Electric manufactured and/or distributed a product that caused Plaintiff's injury. Plaintiff needs to first establish exposure to sustain her claim. Presence of a product at a given job site establishes no more than the possibility of causation.[10] There must also be evidence that exposure to respirable asbestos from a defendant's product was a substantial factor in causing Plaintiff's injuries.[11] No such exposure evidence exists in this case.

There is no admissible evidence Mr. Varney ever encountered any General Electric product—nor any admissible evidence he was exposed to respirable asbestos from a General Electric product. On that basis, there is no evidence that could establish where, when and how Mr. Varney was allegedly exposed to respirable asbestos from General Electric's products as required by *Lockwood*.[12] Plaintiff has no admissible evidence that Mr. Varney was exposed to an asbestos-containing product manufactured or sold by General Electric and no fact witnesses have been identified that will testify regarding Mr. Varney's alleged exposures to General Electric's products—the absence of exposure evidence alone necessitates dismissal.[13]

C. **Plaintiff Cannot Sustain Her Burden on Causation.**

Notwithstanding the lack of exposure evidence set forth above, to maintain a triable issue of fact on causation, Plaintiff must also show that exposure to an asbestos-containing General Electric product was a substantial factor in causing Plaintiff's injuries (Mr. Varney's alleged disease, mesothelioma).[14] The Court may consider several factors to determine whether the exposure evidence rises to the level of "substantial" causation. Under *Lockwood v. AC&S,* 109 Wn.2d 235,

---

[10] *Lockwood*, 109 Wn.2d at 245.
[11] *Id.* at 248.
[12] *See generally,* Fed. R. Evid. 801. Interrogatory responses are not admissible if offered by Plaintiff to satisfy her burden of proof on essential elements of her case, as they constitute inadmissible hearsay under Fed. R. Evid. 801(c).
[13] *Accord. Brucker et al. v. CBS Corp., et al*., No. 3:16-CV-206, 2019 WL 551321, at *2 (N.D. Ohio Feb. 12, 2019) (citing *Lindstrom*, *supra.*) ("Plaintiff sets forth no evidence to raise Harold Brucker's possible exposure to Crane asbestos-containing products to anything more than a 'metaphysical doubt.'").
[14] *See Mavroudis v. Pittsburgh-Corning Corp.*, 86 Wn. App. 22, 28, 935 P.2d 684, 689 (1997).

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 4
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

1  744 P.2d 605 (1987), the Court considers the following: Mr. Varney's proximity to an asbestos-
2  containing General Electric product when the exposure occurred, the expanse of Mr. Varney's
3  workplace where asbestos fibers were released, the length of time that Mr. Varney was allegedly
4  exposed to an asbestos-containing General Electric product and the type of asbestos-containing
5  product at issue and the way it was handled.[15]

6  Here, Plaintiff has produced absolutely no admissible evidence to establish Mr. Varney's
7  proximity, location and duration of exposure to respirable asbestos for which General Electric is
8  legally responsible. As a matter of law, Plaintiff has no admissible evidence (even viewing the
9  evidence in the light most favorable to her) that could establish a General Electric product was a
10 "substantial factor" in causing Mr. Varney's injuries. Because no issues of material fact remain on
11 causation—summary judgment must be granted in General Electric's favor.

## VI.   CONCLUSION

13 As set forth above, Plaintiff's claims against General Electric fail as a matter of law. General
14 Electric respectfully requests that its Motion for Summary Judgement be granted, that all claims stated
15 against it be dismissed with prejudice, and that it be afforded any and all relief deemed proper by this
16 Court.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26

---

[15] *See e.g., Lockwood,* 109 Wn.2d 235.

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 5
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

1  DATED this 14th day of February, 2019.    TANENBAUM KEALE, LLP

By: s/Christopher S. Marks
By: s/Malika Johnson
By: s/Alice C. Serko
Christopher S. Marks, WSBA #28634
Malika Johnson, WSBA #39608
Alice C. Serko, WSBA #45992

One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 620-4450
Email:   cmarks@tktrial.com
         mjohnson@tktrial.com
         aserko@tktrial.com
         seattle.asbestos@tktrial.com

Attorneys for General Electric Company

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 6
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Brian D. Weinstein<br>Benjamin R. Couture<br>Alexandra Caggiano<br>WEINSTEIN COUTURE PLLC<br>601 Union Street, Suite 2420<br>Seattle, WA 98101<br>Phone: (206) 508-7070<br>FAX#: (206) 237-8650<br>Email: service@weinsteincouture.com<br>brian@weinsteincouture.com<br>ben@weinsteincouture.com<br>*Attorneys for Plaintiffs* | Benjamin H. Adams (admitted pro hac vice)<br>Lisa W Shirley (admitted pro hac vice)<br>Jason Johnson<br>DEAN OMAR BRANHAM, LLP<br>302 N. Market Street, Suite 300<br>Dallas, TX 75202<br>Phone: (214) 722-5990<br>FAX #: (214) 722-5991<br>Email: badams@dobllp.com<br>LShirley@dobllp.com<br>jdean@dobllp.com<br>jjohnson@dobllp.com<br>Dsmith-hogan@dobllp.com<br>cweeks@dobllp.com<br>*Attorneys for Plaintiffs* |
| James Horne<br>Michael Ricketts<br>GORDON, THOMAS, HONEYWELL LLP<br>600 University Street, Suite 2100<br>Seattle, WA 98101<br>Phone: (206) 676-7500<br>FAX #: (206) 676-7575<br>Email: IMOservice@gth-law.com<br>jhorne@gth-law.com<br>mricketts@gth-law.com<br>*Attorneys for IMO Industries, Inc.* | Christopher Marks<br>Alice C. Serko<br>TANENBAUM KEALE, LLP<br>One Convention Place<br>701 Pike Street, Suite 1575<br>Seattle WA 98101<br>(206) 889-5150<br>Email:   cmarks@tktrial.com<br>           aserko@tktrial.com<br>           seattle.asbestos@tktrial.com.com<br>*Attorneys for General Electric Company;<br>Foster Wheeler Energy Corporation; The<br>Gorman-Rupp Company; CBS Corporation* |

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 7
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

| | | |
|---|---|---|
| 1 | Rachel T. Reynolds<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1111 3rd Ave., Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>FAX #: (206) 436-2030<br>Email: Seattle-Asbestos@lewisbrisbois.com<br>*Attorneys for Crown Cork & Seal Company, Inc.* | Barry N. Mesher<br>LAW OFFICES OF BARRY N. MESHER LLC<br>P.O. Box 8100<br>Tacoma, WA 98419<br>Telephone: 206-412-3690<br>Email: bnm@bnmesherlaw.com<br>*Attorneys for Crown Cork & Seal Company, Inc.* |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | Allen E. Eraut<br>RIZZO MATTINGLY BOSWORTH PC<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR  97201-3530<br>Phone: (503) 229-1819<br>FAX #: (503) 229-0630<br>Email: asbestos@rizzopc.com<br>aeraut@rizzopc.com<br>*Attorneys for Warren Pumps, LLC* | Katherine Steele<br>Michael (Mac) M. Brown<br>BULLIVANT HOUSER BAILEY PC<br>1700 Seventh Ave., Suite 1810<br>Seattle, WA. 98101<br>Phone: (206) 521-6438<br>FAX #:(206) 386-5130<br>Email: Asbestos@bullivant.com<br>*Attorneys for Sterling Fluid Systems (USA) LLC; FMC Corporation* |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Nicole R. MacKenzie<br>Ryan W. Vollans<br>Jessica Cox<br>Nicholas R. Major<br>WILLIAMS, KASTNER & GIBBS<br>601 Union Street, Suite 4100<br>Seattle, WA 98101<br>Phone: (206) 628-6600<br>FAX#: (206) 628-6611<br>Email: wkgasbestos@williamskastner.com<br>nmackenzie@williamskastner.com<br>rvollans@williamskastner.com<br>jcox@williamskastner.com<br>*Attorneys for Parker-Hannifin Corporation* | G. William Shaw<br>Ryan J. Groshong<br>K&L Gates LLP<br>925 4th Avenue, Suite 2900<br>Seattle, Washington 98104<br>Phone: (206) 623-7580<br>FAX #: (206) 370-6169<br>Email: bill.shaw@klgates.com<br>ryan.groshong@klgates.com<br>se.asbestos@klgates.com<br>*Attorneys for Crane Co.; Crane Environmental, Inc.* |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT - 8
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

| | | |
|---|---|---|
| 1 | Ronald Gardner | Mark B. Tuvim |
| 2 | GARDNER TRABOLSI & ASSOCIATES PLLC | Kevin J. Craig<br>Trevor J. Mohr |
| 3 | 2200 Sixth Avenue, Suite 600 | GORDON & REES, LLP<br>701 Fifth Avenue, Suite 2130 |
| 4 | Seattle, WA 98121<br>Phone: (206) 256-6309 | Seattle, WA 98104<br>Phone: (206) 695-5100 |
| 5 | FAX#: (206) 256-6318<br>Email: asbestos@gandtlawfirm.com | Fax: (206) 689-2822 |
| 6 | rgardner@gandtlawfirm.com<br>*Attorneys for Crosby Valve, LLC; The* | E-mail:  SEAAsbestos@gordonrees.com<br>mtuvim@gordonrees.com |
| 7 | *Goodyear Tire & Rubber Company; Goulds Pumps LLC; Grinnell LLC; Elliott* | kcraig@gordonrees.com<br>tmohr@gordonrees.com |
| 8 | *Turbomachinery Co Inc.; ITT LLC* | *Attorneys for Air & Liquid Systems Corporation; Velan Valve Corporation* |
| 9 | | |
| 10 | Edward Hugo<br>Christina M Glezakos | Dana C. Kopij<br>WILLIAMS, KASTNER & GIBBS |
| 11 | HUGO PARKER | 601 Union Street, Suite 4100 |
| 12 | 240 Stockton Street, 8th Floor<br>San Francisco, CA 94108 | Seattle, WA 98101<br>Phone: (206) 628-6600 |
| 13 | Phone: (415) 808-0300<br>Email:   ehugo@hugoparker.com | FAX#: (206) 628-6611<br>Email: wkgasbestos@williamskastner.com |
| 14 | cglezakos@hugoparker.com<br>*Attorneys for Fryer Knowles, Inc. a* | dkopij@williamskastner.com<br>*Attorneys for Weir Valves & Controls USA,* |
| 15 | *Washington Corporation* | *Inc. d/b/a Atwood & Morrill Co., Inc.* |
| 16 | Claude Bosworth | Christine E. Dinsdale |
| 17 | RIZZO MATTINGLY BOSWORTH PC<br>1300 SW Sixth Avenue, Suite 330 | SOHA & LANG, P.S.<br>1325 FOURTH AVENUE, SUITE 2000 |
| 18 | Portland, OR 97201-3530<br>Phone: (503) 229-1819 | SEATTLE, WASHINGTON 98101-2570<br>Phone: (206) 624-1800 |
| 19 | FAX #: (503) 229-0630<br>Email: asbestos@rizzopc.com | FAX #: (206) 624-3585<br>Email: asbestos@sohalang.com |
| 20 | cbosworth@rizzopc.com<br>*Attorneys for Blackmer Pump Company* | dinsdale@sohalang.com<br>*Attorneys for BW/IP, Inc.* |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT - 9
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

| | | |
|---|---|---|
| 1 | Michael A. Jaeger | J. Michael Mattingly |
| | Rachel Tallon Reynolds | RIZZO MATTINGLY BOSWORTH PC |
| 2 | LEWIS BRISBOIS BISGAARD & SMITH LLP | 1300 SW Sixth Avenue, Suite 330 |
| 3 | 1111 3rd Ave., Suite 2700 | Portland, OR 97201-3530 |
| | | Phone: (503) 229-1819 |
| 4 | Seattle, WA 98101 | FAX #: (503) 229-0630 |
| | Phone: (206) 436-2020 | Email: asbestos@rizzopc.com |
| 5 | FAX #: (206) 436-2030 | mmattingly@rizzopc.com |
| | Email: Michael.Jaeger@lewisbrisbois.com | ***Attorneys for SB Decking, Inc.*** |
| 6 | delian.deltchev@lewisbrisbois.com | |
| 7 | Seattle-Asbestos@lewisbrisbois.com | |
| | ***Attorneys for BNS Co., f/k/a Brown & Shape Manufacturing Company*** | |
| 8 | | |
| 9 | Kevin C. Baumgardner | Randy J. Aliment |
| | Jeff Bone | Marc M. Carlton |
| 10 | CORR CRONIN LLP | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 11 | 1001 Fourth Avenue, Suite 3900 | 1111 3rd Ave., Suite 2700 |
| | Seattle, WA 98154-1051 | Seattle, WA 98101 |
| 12 | Phone: (206) 625-8600 | Phone: (206) 436-2020 |
| | FAX #: (206) 625-0900 | FAX #: (206) 436-2030 |
| 13 | Email: asbestos@corrcronin.com | Email: Seattle-Asbestos@lewisbrisbois.com |
| | ***Attorneys for Darigold, Inc.*** | randy.aliment@lewisbrisbois.com |
| 14 | | marc.carlton@lewisbrisbois.com |
| 15 | | ***Attorneys for Flowserve US, Inc.*** |
| 16 | | |
| | Richard Gawlowski | Daira S. Waldenberg |
| 17 | WILSON, SMITH, COCHRAN & DICKERSON | SELMAN BREITMAN LLP |
| 18 | 901 Fifth Avenue, Suite 1700 | 600 University Street, Suite 1800 |
| | Seattle, WA 98164 | Seattle, WA 98101-4129 |
| 19 | Phone: (206) 623-4100 | Phone: 206.447.6461 |
| | FAX #: (206) 623-9273 | FAX #: 206.588.4185 |
| 20 | Email: Metlifeasbestos@wscd.com | Email: dwaldenberg@selmanlaw.com |
| 21 | ***Attorneys for Defendant Metropolitan Life Insurance Company*** | asbestosWA@selmanlaw.com |
| | | ***Attorneys for John Crane, Inc.*** |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

DEFENDANT GENERAL ELECTRIC COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 10
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450

David E. Chawes
William E. Fitzharris
Bennett J. Hansen
Stephanie B Ballard
PREG O'DONNELL & GILLETT PLLC
901 Fifth Avenue, Suite 3400
Seattle, WA 98164
Phone: (206) 287-1775
FAX #: (206) 287-9113
Email: dchawes@pregodonnell.com
wfitzharris@pregodonnell.com
bhansen@pregodonnell.com
hvanburen@pregodonnell.com
aanthony@pregodonnell.com
ssiers@pregodonnell.com
sballard@pregodonnell.com
asbestos@pregodonnell.com
*Attorneys for Armstrong International, Inc.*

Signed at Seattle, Washington this 14th day of February, 2019.

            s/Maria Tiegen
            Maria Tiegen
            TANENBAUM KEALE, LLP
            One Convention Place
            701 Pike Street, Suite 1575
            Seattle WA 98101
            (206) 620-4450
            Email:   mtiegen@tktrial.com

DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT - 11
Case No.: 3:18-cv-05105-RJB

TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
206.620.4450