THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DIVISION OF WASHINGTON AT TACOMA

| | |
|---|---|
| DONALD VARNEY AND MARIA VARNEY, husband and wife,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.<br><br>　　　　　　　Defendants. | No.　3:18-cv-05105-RJB<br><br>DEFENDANT THE GOODYEAR TIRE AND RUBBER COMPANY'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTED ON MOTION CALENDAR: APRIL 5, 2019<br><br>WITHOUT ORAL ARGUMENT |

## I.　RELIEF REQUESTED AND INTRODUCTION

The Goodyear Tire and Rubber Company ("Goodyear Tire") moves for summary judgment dismissing all claims and cross claims against it. There are two grounds for this motion:

1. there is no admissible evidence Mr. Varney inhaled asbestos from a Goodyear Tire gasket, and

2. there is insufficient evidence asbestos from a Goodyear Tire gasket was a proximate cause of Mr. Varney's mesothelioma.

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 1

G<small>ARDNER</small> T<small>RABOLSI</small> & A<small>SSOCIATES</small> PLLC
A T T O R N E Y S
2200 S<small>IXTH</small> A<small>VENUE</small>, S<small>UITE</small> 600
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98121
T<small>ELEPHONE</small> (206) 256-6309
F<small>ACSIMILE</small> (206) 256-6318

Some, but not all, gaskets contained asbestos, including Goodyear Tire's. Spencer FRCP 26(a)(2) report, p. 10, attached to Spencer Declaration. The only evidence Plaintiffs have that Mr. Varney was exposed to asbestos from Goodyear Tire gaskets is the Varney Declaration where Mr. Varney identifies Cranite gaskets. Dkt. 231-1. Goodyear Tire objects to the Declaration as inadmissible hearsay and the Court has set a hearing in connection with other motions to rule on that objection. Dkt. 255 and Court's email of 3/5/19.

Goodyear Tire's second point is that if the Varney Declaration is admitted into evidence, it provides insufficient details about the claimed exposure to asbestos from Goodyear Tire gaskets to support a jury finding of proximate cause. Goodyear Tire sold gaskets that contained asbestos and that did not; but all were non friable and working with asbestos gaskets generated trivial quantities of dust. Spencer report, pp. 10 and 15. The only evidence Plaintiff has addressing the causes of Mr. Varney's disease is the report of Dr. Maddox, Dkt. 231-28. Dr. Maddox's report concedes that trivial exposures are not a cause. *Id.* at p. 64. Although Dr. Maddox disputes that gasket work in general is trivial, he did not opine about Varney's exposure to Goodyear Tire's gasket, Cranite. He did not say Mr. Varney's exposure to Cranite gaskets was more than trivial. Because Plaintiffs' evidence concedes trivial exposures are not causative and Goodyear Tire has evidence that Varney's exposure to Goodyear Tire's gaskets would have been trivial, which is not controverted, Goodyear Tire asks the Court to dismiss all claims against it.

## II.   STATEMENT OF FACTS

The Court's Order on Defendants' Joint Notice and Request for Leave to File Briefing Regarding Inadmissible Hearsay Submitted by Plaintiff in Opposition to Flowserve's Motion for Summary Judgment, Dkt. 255, describes the facts pertinent to this Motion. The day before he passed away, Mr. Varney signed a Declaration stating he worked as a marine machinist in

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 2

Gardner Trabolsi & Associates PLLC
ATTORNEYS
2200 Sixth Avenue, Suite 600
Seattle, Washington 98121
Telephone (206) 256-6309
Facsimile (206) 256-6318

Bremerton, Washington, from 1957–1962 and 1968–1972, and in San Francisco, California, from 1965–1968. Dkt. 231-1. As a marine machinist in both locations, and without receiving any warning of asbestos or cancer, Mr. Varney removed and replaced asbestos-containing gaskets, packing, and insulation used with valves and pumps, causing him to breathe dust. Dkt. 231-1. Mr. Varney "breathed dust from the removal and replacement of asbestos-containing gaskets, packing, and insulation associated with … machinery" manufactured by General Electric, Westinghouse, Crane, Edward, Atwood, Crosby, Warren, Chicago, Buffalo, Goulds, Peerless, Pacific, Bell & Gossett, Allis Chalmers, Byron Jackson, Deming, Denison, Carrier, Ingersoll-Rand, Sturtevant, Armstrong, Babcock, and Foster Wheeler, with gaskets and packing from Cranite, John Crane, and the original manufacturers of the equipment. Dkt. 255.

Mr. Varney passed away before he could give a deposition. Dkt. 255. As with the other Defendants who moved for summary judgment, the only evidence Mr. Varney was exposed to respirable asbestos from products manufactured or supplied by Goodyear Tire is the Varney Declaration identifying Cranite gaskets.

The only evidence disclosed by Plaintiffs regarding the effects of asbestos on Mr. Varney is the expert report of Dr. John Maddox. Dkt. 231-28. Dr. Maddox opines that mesothelioma is the cumulative result of the exposures to asbestos that a person receives but that does not include trivial exposures. Dkt. 231-28 at p. 64. The report does not say Mr. Varney's exposure to Goodyear Tire Cranite gaskets was more than trivial and provides no specifics about that alleged exposure. With respect to gaskets in general, Dr. Maddox writes:

> "Occupational exposures, in my opinion, to asbestos-containing brakes, gaskets, packing and thermal insulation, are very high exposures to asbestos." Id. at p. 25.

> "In Varney's case, his repetitive, high, and prolonged exposures to gaskets and packing were sufficient to cause mesothelioma." Id. at p. 28.

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 3

GARDNER TRABOLSI & ASSOCIATES PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

"… the consensus of the scientific community is that any occupational or para-occupational exposure to asbestos, even brief or low-level exposures, must be considered causal in an individual with a mesothelioma." *Id.* at p. 42.

He cites to a paper by Iwatsubo from 1998 addressing the minimum dose required to develop mesotheliaoma:

"Illgren and Browne considered whether a threshold exposure might exist and concluded that mesothelioma was unlikely in persons exposed for less than 5 f/ml-years. Our results indicate, however, that mesothelioma cases occurred below a cumulative exposure of 5 f/ml-years and perhaps below 0.5 f/ml-years." *Id.* at p. 42.

Dr. Maddox does not corelate Mr. Varney's work with Goodyear gaskets to the Iwatsubo's data that mesothelioma's occur at exposures as small as 0.5 f/ml-years.[1] Dr. Maddox does not define trivial exposure, which is not causative, or brief low-level exposure, which is causative. He does not explain the difference between those two exposures, but it would reasonable to construe his opinion as defining brief low-level exposure as no less than 0.50 fiber ml-years. Dr. Maddox does not provide facts showing Mr. Varney's Cranite gasket exposure was 0.50 fiber ml-years or more. Dr. Maddox's report contains no information, either qualitative or semi-quantitative, about the duration, frequency, and concentration of asbestos in the air when Mr. Varney was exposed to Cranite, if he was exposed at all.

Goodyear's expert, Dr. John Spencer, provides data on levels of dust generated during gasket work. Spencer report pp. 11-12. Gaskets generate time weighted average concentrations of dust ranging from 0.0011 to 0.018 fibers per cubic centimeter (cc = ml). To accumulate a

---

[1] A fiber ml-year is the unit of measure for exposure. It is the product of multiplying the concentration of the dust by the duration of the exposure. 0.5 fiber ml-years is the equivalent of 5 work years of exposure at a concentration of 0.1 fibers per ml. An exposure at 0.5 fibers per ml for one work year is also expressed as 0.5 fiber ml-years. A work year is approximately 2000 hours.

DEFENDANT CROSBY VALVE, LLC'S MOTION
FOR SUMMARY JUDGMENT - 4

GARDNER TRABOLSI & ASSOCIATES PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

dose of 0.5 fiber/ml-years, a worker must perform gasket work generating the highest average concentrations (0.18 fiber cc-years) for almost 30 years.  30 x 0.018 f/ml = 0.54 f/ml years.

### III.     ISSUE

Should the claims against Goodyear Tire be dismissed where there is no admissible evidence Mr. Varney was exposed to asbestos from products manufactured or sold by Goodyear Tire?

Should the claims against Goodyear Tire be dismissed even if the Varney Declaration is admissible because there is insufficient evidence of the *Lockwood* factors to submit to the jury the question of whether Mr. Varney's exposure to asbestos from Goodyear Tire gaskets was a proximate cause of his mesothelioma?

### IV.     EVIDENCE RELIED UPON

This motion is based on the Declaration of Ben Adams and attachments thereto submitted in response to Motion for Summary Judgment of Defendant Flowserve.  Dkt 231, 231-1, and 231-8.  It also is based on the Court's Order, Dkt. 255, describing the circumstances of Mr. Varney's exposure to asbestos.  And it is based upon the Declaration of John W. Spencer filed with this motion attaching Spencer's FRCP 26(a)(2) report.

### V.     ARGUMENT

**A. Summary Judgment Standard.**

Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d. 202, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 5

GARDNER TRABOLSI & ASSOCIATES PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing Anderson, 477 U.S. at 248-49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it will prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party does not bear the ultimate burden of persuasion, it can show the absence of such a dispute in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). If the moving party meets its burden of production, the burden then shifts to the nonmoving party to identify specific facts from which a fact finder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 252.

> No longer are judges required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such character that it would warrant the jury in finding a verdict in favor of that party. . . . [T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any evidence upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.

*Anderson*, 477 U.S. at 250.

The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The court may not weigh evidence or make credibility determinations in analyzing a motion for summary judgment because those are "jury functions, not those of a judge." *Anderson*, 477 U.S. at 249-50. But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 6

G<small>ARDNER</small> T<small>RABOLSI</small> & A<small>SSOCIATES</small> PLLC
A T T O R N E Y S
2200 S<small>IXTH</small> A<small>VENUE</small>, S<small>UITE</small> 600
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98121
T<small>ELEPHONE</small> (206) 256-6309
F<small>ACSIMILE</small> (206) 256-6318

trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

In short, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220 (9th Cir. 1995).

### B. There is no admissible evidence Mr. Varney inhaled asbestos from a Goodyear Tire gasket.

In any product liability suit, the plaintiff must prove that the defendant manufactured or distributed the product or products alleged to have caused the injury. In an asbestos case, for the case to move forward against a manufacturer, some witness or other evidence, at a minimum, must establish exposure to a product containing asbestos sold by the manufacturer. "Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. *Lockwood v. A.C. & S, Inc.,* 109 Wn.2d 235, 248, 744 P.2d 685 (1987), *see also Van Hout v. Celotex Corp.,* 121 Wn.2d 697, 707, 853 P.2d 9098 (1993). Without exposure to an asbestos product sold by a manufacturer, there can be no connection between the manufacturer and the alleged asbestos related injury.

Here the only evidence Mr. Varney inhaled asbestos from a Goodyear Tire gasket is Mr. Varney's Declaration of February 7, 2018. Dkt. 231-1. The Court will hear oral arguments on the admissibility of that Declaration March 26, 2019. Dkt. 255 and email of 3/5/19. If the Court rules the Declaration inadmissible, there will be no evidence Varney was exposed to asbestos from a Goodyear Tire gasket. Without that evidence, there are no genuine issues on any material fact and Goodyear Tire is entitled to judgment as a matter of law.

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 7

Gardner Trabolsi & Associates pllc
A T T O R N E Y S
2200 Sixth Avenue, Suite 600
Seattle, Washington 98121
Telephone (206) 256-6309
Facsimile (206) 256-6318

**C. The Varney Declaration and Maddox report do not say how much dust Mr. Varney inhaled from Goodyear Tire gaskets and Dr. Maddox concedes trivial exposures were not a cause.**

To avoid summary judgment, plaintiffs must show a causal link between the defendant's product and the injured party's disease. *Van Hout*, 853 P.2d at 913. Washington courts generally require plaintiffs to establish exposure to asbestos from a manufacturer's product was a "substantial factor" in causing plaintiff's illness. See the discussion in *Mavroudis v. Pittsburgh-Corning Corp.*, 86 Wash. App. 22, 28, 935 P.2d 684, 689 (1997). The Washington Supreme Court described the factors trial courts should examine in determining the sufficiency of the evidence on causation.

> Trial courts should consider a number of factors when determining if there is sufficient evidence for a jury to find that causation has been established. They should consider the evidence of plaintiff's proximity to the asbestos product when the exposure occurred and the expanse of the work site where asbestos fibers were released. They should also take into account the extent of time that the plaintiff was exposed to the product. As the time of exposure to asbestos dust increases, so does the severity of diseases associated with such exposure. See 15 Ind. L. Rev. at 693.
>   Courts should also consider the types of asbestos products to which the plaintiff was exposed and the ways in which such products were handled and used. Asbestos products exist in a wide variety of forms, which differ in the amounts and percentages of asbestos they contain. In addition, the tendency of such products to release asbestos fibers into the air depends on their form and on the methods in which they are handled. See 15 Ind. L. Rev. at 691-92.
> In addition, trial courts must consider the evidence presented as to medical causation of the plaintiff's particular disease. Such evidence would include expert testimony on the effects of inhalation of asbestos on human health in general and on the plaintiff in particular.... See 15 Ind. L. Rev. at 694-95.
>   Ultimately, the sufficiency of the evidence of causation will depend on the unique circumstances of each case. Nevertheless, the factors listed above are matters which trial courts should consider when deciding if the evidence is sufficient to take such cases to the jury.

*Lockwood*, 109 Wash. 2d at 248-49.

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 8

Gardner Trabolsi & Associates pllc
A T T O R N E Y S
2200 Sixth Avenue, Suite 600
Seattle, Washington 98121
Telephone (206) 256-6309
Facsimile (206) 256-6318

Mr. Varney's Declaration provides little information about the Lockwood factors as applied to the Defendants. Mr. Varney says he "breathed dust from the removal and replacement of asbestos containing gaskets, packing, and insulation associated with the following machinery," lists 23 brands of equipment, and two brands of gaskets, including Cranite. Mr. Varney did not state whether he personally handled the Cranite or whether others were working with it. Were others working with it, he did not state how close he was to them. He did not state how often he breathed asbestos associated with Cranite or the duration of his exposure. And he did not describe the expanse of the work place.

Plaintiffs disclosed Dr. John Maddox as the witness who will provide evidence on medical causation, the effects of asbestos on human health, and the effects on Mr. Varney. See Dkt. 231-28. Dr. Maddox stated mesothelioma is the cumulative result of the exposures to asbestos that a person receives but that does not include trivial exposures. Dkt. 231-28 p. 64. Dr. Maddox's report does not describe Mr. Varney's exposure to Cranite gaskets and only generalizes that working with gaskets is "high exposure". He does not explain how one must work with gaskets to generate "high exposure". He does not state it is impossible to have a trivial exposure working with gaskets and common sense says otherwise. Dr. Maddox provides no information about the frequency, duration, and concentration of asbestos in the air from Cranite to which Mr. Varney was exposed.

Dr. Maddox opines that exposure resulting in a cumulative dose as low as 0.05 fiber cc-years can cause mesothelioma. He does not state that Mr. Varney's work with gaskets in general, or with Cranite in particular, caused an exposure as high as 0.5 fiber cc-years. Although Dr. Maddox opines that gasket work produces very high exposure to asbestos, he cites no data in support of that opinion.

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 9

GARDNER TRABOLSI & ASSOCIATES PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

Dr. Maddox did not characterize Mr. Varney's exposure to asbestos from Goodyear gaskets either qualitatively or quantitatively. There is no evidence Varney sustained "high exposure" from Goodyear gaskets other than Dr. Maddox's general statement that Mr. Varney's "repetitive, prolonged, and high exposures to gaskets and packing were sufficient to cause mesothelioma." He provided no information about what fraction of that exposure is attributable to Cranite.

## VI.   CONCLUSION

The only evidence that Mr. Varney was exposed to asbestos for which Goodyear Tire could be held liable is the Varney Declaration. If that Declaration is inadmissible, Plaintiffs have no evidence of exposure to asbestos from Goodyear Tire gaskets. But even if the Declaration is admissible, there is no evidence about the extent of that exposure. It is impossible for a jury to determine the exposure was not trivial, and therefore a cause. Goodyear Tire respectfully requests the Court grant its motion and dismiss with prejudice Plaintiffs' claims and Defendants' cross claims against Goodyear Tire.

DATED this 12th day of March 2019.

GARDNER TRABOLSI & ASSOCIATES PLLC

By  */s/ Ronald C. Gardner*
WA State Bar #9270
Gardner Trabolsi & Associates PLLC
2200 Sixth Avenue, Suite 600
Seattle, WA 98121
Phone: (206) 256-6309
Fax: (206) 256-6318
E-Mail: rgardner@gandtlawfirm.com
Attorney for Defendant The Goodyear Tire and Rubber Company.

DEFENDANT CROSBY VALVE, LLC'S MOTION FOR SUMMARY JUDGMENT - 10

GARDNER TRABOLSI & ASSOCIATES PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318