# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DONALD VARNEY AND MARIA VARNEY, husband and wife, | CASE NO. C18-5105 RJB |
| Plaintiff, | ORDER SETTING EVIDENTIARY HEARING |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION; et al., | |
| Defendants. | |

This matter comes before the Court on the motions for summary judgment filed by defendants (Dkts. 217, 219, 224, 235, 237, 239, 257 and 285).

At issue is the admissibility of the Affidavit of Donald Varney (Dkt 231-1) and the Report of John C. Maddox Regarding Donald A. Varney (Dkt. 231-28). Questions have been raised by defendants under Rule of Civil Procedure 56(c)(2) that the material in the affidavit cannot be presented in a form that would be admissible in evidence. Questions are raised regarding whether the affidavit, in spite of its hearsay nature, should be admitted as a dying declaration under Evidence Rule 804(b)(2) or under Evidence Rule 807. The competence of the affiant, Mr. Varney, is also challenged by the defendants under Federal Rule of Civil Procedure 56(c) (2) and (4).

ORDER SETTING EVIDENTIARY HEARING - 1

While it is unusual in this procedural context to conduct an evidentiary hearing, it appears appropriate under the circumstances presented here. The subject affidavit appears to be a critical document and its admissibility in support of plaintiffs' response to the summary judgment motions needs to be decided, and also its admissibility at trial needs to be decided. An evidentiary hearing should be considered to be an *in limine* hearing to determine the admissibility of the documents at trial as well as in regard to the summary judgment motions.

The court notes that, while there is some written showing from Mrs. Varney regarding the signing of the subject document, there is no evidence from other people that were present at the signing, including the notary, priest, and lawyer for Mr. Varney. The court would also welcome Mrs. Varney's testimony where cross-examination is available. There is no evidence as to the source of the information in the affidavit, or who prepared it. The court is aware that it may be necessary for one or more of Mr. Varney's lawyers to testify, which may put their position as advocates in the case in question.

For the foregoing reasons, it is now

ORDERED that the court will conduct an evidentiary hearing on the admissibility of Mr. Varney's affidavit, both in opposition to the motions for summary judgment and at trial, on April 15, 2019, at 9:30 a.m.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of March, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge