UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD VARNEY AND MARIA VARNEY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION; et al.,<br><br>Defendants. | CASE NO. C18-5105 RJB<br><br>ORDER GRANTING DEFENDANT PARKER-HANNIFIN CORPORATION'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Parker-Hannifin Corporation's ("Parker-Hannifin") Motion for Summary Judgment. Dkt. 372. The Court is familiar with the records and files herein and all documents filed in support of in opposition to the motion.

For the reasons stated below, Parker-Hannifin's Motion for Summary Judgment (Dkt. 372) should be granted.

ORDER GRANTING DEFENDANT PARKER-HANNIFIN CORPORATION'S MOTION FOR SUMMARY JUDGMENT - 1

## I. BACKGROUND

The above-entitled action was commenced in Pierce County Superior Court on February 2, 2018. Dkt. 1, at 2. Notice of removal from the state court was filed with this Court on February 12, 2018. Dkt. 1.

In the operative complaint, Plaintiffs allege that Plaintiff Donald Varney ("Mr. Varney"), now deceased, was exposed to asbestos while working as a marine machinist at the Puget Sound Naval Shipyard and Hunter's Point Naval Shipyard, and through personal automotive exposure and from his father's automotive exposure. Dkt. 342, at 5. "Plaintiffs claim liability based upon the theories of product liability, including not but limited to negligence, strict product liability …, conspiracy, premises liability, the former RCW 49.16.030, and any other applicable theory of liability, including, if applicable, RCW 7.72 et seq." Dkt. 342, at 5.

Mr. Varney passed away from mesothelioma on February 8, 2018 (Dkt. 220-1), before being deposed. Dkt. 245-2. On December 7, 2018, one day before his passing, Mr. Varney apparently signed an affidavit purportedly identifying several asbestos-containing materials that he worked with and that were manufactured by various defendants (not including Parker-Hannifin). Dkt. 342.

Dr. John Maddox, Plaintiffs' causation expert in this matter, reviewed Mr. Varney's medical records and his aforementioned affidavit. Dkt. 309, at 4. Dr. Maddox, relying, in part, on Mr. Varney's affidavit, opined that Mr. Varney's "lethal malignant pleural mesothelioma was caused by his cumulative asbestos exposures to a variety of component exposures." Dkt. 313-11, at 4.

In their respective motions for summary judgment and in additional briefs, numerous defendants, including Parker-Hannifin, raised issues regarding the admissibility of Mr. Varney's

affidavit and Dr. Maddox's opinion. *See, e.g.,* Dkts. 217; 219; 237; 257; 281; 285; 363; 372; 378; 380; 382; and 384. They argued that the affidavit, and Dr. Maddox's opinion relying thereon, were inadmissible as evidence. *Id.*

The Court invited additional briefing regarding the admissibility of Mr. Varney's affidavit and Dr. Maddox's opinion. Dkt. 255. Upon review of the additional briefing, the Court ordered that an evidentiary hearing be held to determine the admissibility of the affidavit and opinion. Dkt. 300. After a mini-trial lasting more than two days, the Court held that the affidavit and opinion are inadmissible as evidence in regard to summary judgment motions and at trial. Dkt. 361, at 1.

Parker-Hannifin argues that, because the affidavit and opinion are inadmissible, pursuant to FRCP 56,[1] Plaintiffs have "no admissible evidence that [Mr. Varney] was ever exposed to an asbestos-containing product made or sold by Defendant, or for which Defendant is liable." Dkt. 372, at 1. Parker-Hannifin continues, "[T]here is no evidence that [Mr. Varney] was ever exposed to asbestos fibers associated with one of [Parker-Hannifin's] products in sufficient quantity to be a substantial factor in the causation of his disease." Dkt. 372, at 2.

Plaintiffs filed nothing in opposition to Parker-Hannifin's instant motion for summary judgment.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

## B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## C. SUMMARY JUDGMENT ANALYSIS

### 1. Washington Products Liability Standard

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.*, 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories*, 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. [] Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace.

*Id.* (citations omitted).

*Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established":

1. Plaintiff's proximity to an asbestos product when the exposure occurred;

2. The expanse of the work site where asbestos fibers were released;

3. The extent of time plaintiff was exposed to the product;

1. 4. The types of asbestos products to which plaintiff was exposed;

2. 5. The ways in which such products were handled and used;

3. 6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and

4. 7. Other potential sources of the plaintiff's injury.

*Id.* at 248–49.

### 2. Washington Products Liability Analysis

Plaintiffs have not offered evidence admissible for summary judgment establishing a reasonable connection between Mr. Varney's mesothelioma, products manufactured by Parker-Hannifin, and Parker-Hannifin itself. Moreover, Plaintiffs have not filed anything in opposition to Parker-Hannifin's instant motion for summary judgment.

Plaintiffs have not offered admissible evidence showing, even viewed in a light most favorable to Plaintiffs, that Parker-Hannifin or products that it manufactured caused, or were a substantial factor that caused, Mr. Varney's mesothelioma.

Based on Plaintiffs' other filings in opposition to other defendants' motions for summary judgment, Plaintiffs apparently still seek to use Mr. Varney's affidavit and Dr. Maddox's report to establish causation and a reasonable connection between Mr. Varney's mesothelioma, the defendants' products, and the defendants. *See, e.g.,* Dkt. 406.

Nevertheless, the Court ruled that Mr. Varney's affidavit and Dr. Maddox's report are inadmissible regarding summary judgment and trial. Dkt. 361.

Pursuant to FRCP 56, in the absence of Mr. Varney's affidavit and Dr. Maddox's opinion as evidence in regard to summary judgment, and in consideration of the *Lockwood* factors above,

there is nothing the Court can use to determine whether there is sufficient evidence for a jury to find that causation—a necessary element of Plaintiffs' claim—has been established.

Therefore, the Court should grant Parker-Hannifin's Motion for Summary Judgment (Dkt. 372) and dismiss Parker-Hannifin from this case.

### III. ORDER

Therefore, it is hereby ORDERED that:

- Parker-Hannifin's Motion for Summary Judgment (Dkt. 372) is **GRANTED;** and
- Parker-Hannifin is **DISMISSED** from the case.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of May, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge