UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD VARNEY AND MARIA VARNEY, husband and wife,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br><br>AIR & LIQUID SYSTEMS CORPORATION; et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C18-5105 RJB<br><br>ORDER GRANTING DEFENDANT VELAN VALVE CORP.'S MOTION FOR SUMMARY JUDGMENT |

　　　This matter comes before the Court on Defendant Velan Valve Corp.'s ("Velan") Motion for Summary Judgment. Dkt. 382. The Court is familiar with the records and files herein and all documents filed in support of in opposition to the motion. Oral argument is unnecessary.

　　　For the reasons stated below, Velan's Motion for Summary Judgment (Dkt. 412) should be granted.

## I. BACKGROUND

The above-entitled action was commenced in Pierce County Superior Court on February 2, 2018. Dkt. 1, at 2. Notice of removal from the state court was filed with this Court on February 12, 2018. Dkt. 1.

In the operative complaint, Plaintiffs allege that Plaintiff Donald Varney ("Mr. Varney"), now deceased, was exposed to asbestos while working as a marine machinist at the Puget Sound Naval Shipyard and Hunter's Point Naval Shipyard, and through personal automotive exposure and from his father's automotive exposure. Dkt. 342, at 5. "Plaintiffs claim liability based upon the theories of product liability, including not but limited to negligence, strict product liability …, conspiracy, premises liability, the former RCW 49.16.030, and any other applicable theory of liability, including, if applicable, RCW 7.72 et seq." Dkt. 342, at 5; *see generally* § II(D), *infra*.

Mr. Varney passed away from mesothelioma on February 8, 2018 (Dkt. 220-1), before being deposed. Dkt. 245-2. On December 7, 2018, one day before his passing, Mr. Varney apparently signed an affidavit purportedly identifying several asbestos-containing materials that he worked with and that were manufactured by various defendants (apparently not naming specifically Velan). Dkt. 342.

Dr. John Maddox, Plaintiffs' causation expert in this matter, reviewed Mr. Varney's medical records and his aforementioned affidavit. Dkt. 309, at 4. Dr. Maddox, relying, in part, on Mr. Varney's affidavit, opined that Mr. Varney's "lethal malignant pleural mesothelioma was caused by his cumulative asbestos exposures to a variety of component exposures." Dkt. 313-11, at 4.

Numerous defendants, including Velan, in their respective motions for summary judgment and in additional briefs, raised issues regarding the admissibility of Mr. Varney's

affidavit and Dr. Maddox's opinion. *See, e.g.,* Dkts. 217; 219; 237; 257; 281; 285; 363; 372; 378; 380; 382; and 384. They argued that the affidavit, and Dr. Maddox's opinion relying thereon, were inadmissible as evidence. *Id.*

The Court invited additional briefing regarding the admissibility of Mr. Varney's affidavit and Dr. Maddox's opinion. Dkt. 255. Upon review of the additional briefing, the Court ordered that an evidentiary hearing be held to determine the admissibility of the affidavit and opinion. Dkt. 300. After a mini-trial lasting more than two days, the Court held that the affidavit and opinion are inadmissible as evidence in regard to summary judgment motions and at trial. Dkt. 361, at 1.

Velan argues that, because the affidavit and opinion are inadmissible, pursuant to FRCP 56, Plaintiffs have have "no admissible evidence to meet their burden of proof that [Mr. Varney] was actually exposed to any asbestos-containing product for which Velan is legal responsible." Dkt. 382, at 1. Velan continues, "Even if Plaintiff could somehow produce evidence of exposure to any asbestos-containing product manufactured by Velan …, Plaintiff is still unable to demonstrate that such exposure was a substantial factor in causing [Mr. Varney's] illness." Dkt. 382, at 2.

Plaintiffs filed a response in opposition to Velan's instant motion for summary judgment. Dkt. 408. Velan filed a reply in support of its motion for summary judgment. Dkt. 412.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

**B. WASHINGTON STATE SUBSTANTIVE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

**C. SUMMARY JUDGMENT ANALYSIS**

1. <u>Washington Products Liability Standard</u>

"Generally, under traditional product liability theory, the plaintiff must establish a reasonable connection between the injury, the product causing the injury, and the manufacturer of that product. In order to have a cause of action, the plaintiff must identify the particular manufacturer of the product that caused the injury." *Lockwood v. AC & S, Inc.,* 109 Wn.2d 235, 245–47 (1987) (quoting *Martin v. Abbott Laboratories,* 102 Wn.2d 581, 590 (1984)).

> Because of the long latency period of asbestosis, the plaintiff's ability to recall specific brands by the time he brings an action will be seriously impaired. A plaintiff who did not work directly with the asbestos products would have further difficulties in personally identifying the manufacturers of such products. The problems of identification are even greater when the plaintiff has been exposed at more than one job site and to more than one manufacturer's product. [] Hence, instead of personally identifying the manufacturers of asbestos products to which he was exposed, a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace.

*Id.* (citations omitted).

*Lockwood* prescribes several factors for courts to consider when "determining if there is sufficient evidence for a jury to find that causation has been established":

1. Plaintiff's proximity to an asbestos product when the exposure occurred;

2. The expanse of the work site where asbestos fibers were released;

3. The extent of time plaintiff was exposed to the product;

4. The types of asbestos products to which plaintiff was exposed;

5. The ways in which such products were handled and used;

6. The tendency of such products to release asbestos fibers into the air depending on their form and the methods in which they were handled; and

7. Other potential sources of the plaintiff's injury.

*Id.* at 248–49.

### 2. Washington Products Liability Analysis

Plaintiffs have not offered evidence admissible for summary judgment establishing a reasonable connection between Mr. Varney's mesothelioma, products manufactured by Velan, and Velan. Plaintiffs have pointed to historical evidence of Velan having used asbestos in its products. *See* Dkt. 408, at 4–7. However, crucially, Plaintiffs have not offered admissible evidence showing, even viewed in a light most favorable to Plaintiffs, that Velan or products that it manufactured caused, or a were a substantial factor in causing, Mr. Varney's mesothelioma.

Despite the Court's April 17, 2019 ruling excluding this evidence, Plaintiffs apparently still seek to use Mr. Varney's affidavit and Dr. Maddox's report to establish causation and a reasonable connection between Mr. Varney's mesothelioma, Velan's products, and Velan. *See* Dkt. 408, at 2–4. Plaintiffs state that they "refer to these documents not only in the hope that the Court will reconsider its decision to exclude [them,] but also to ensure the record is complete for appellate purposes." *Id.* at 2.

Plaintiffs maintain that there is "considerable circumstantial evidence that Mr. Varney was exposed to asbestos attributable to Velan[.]" Dkt. 408, at 8. Plaintiffs point to portions of Mr. Varney's affidavit, where he "declared before his death that he was regularly exposed to asbestos dust generated from the removal and replacement of gaskets and packing associated

with valves and pumps . . . [that] the work . . . [was] . . . very dusty. . . [and that it] created dust which Mr. Varney regularly breathed." *Id.* at 9. Plaintiffs assert that Velan's corporate representative confirmed it "sold, shipped and manufactured valves which used asbestos-containing gaskets and asbestos packing from 1956 until 1992, throughout the time that Mr. Varney was removing and replacing the asbestos-containing gaskets and packing in valves at Puget Sound." *Id.* Plaintiffs note that their "causation expert Dr. Maddox has opined that Mr. Varney's repetitive, high, and prolonged exposures to asbestos gaskets and packing were sufficient to cause Mr. Varney's mesothelioma." *Id.* Plaintiffs argue that a reasonable jury could conclude that Mr. Varney was exposed to asbestos products supplied by Velan. *Id.* at 8.

To the extent that the Plaintiffs move for reconsideration of the April 17, 2019 order excluding Mr. Varney's affidavit and Dr. Maddox's report, the motion should be denied. Aside from being untimely, (under W.D. Wash. Local Rule 7(h)(2) motions for reconsideration are to be filed within 14 days after the order to which they relate, and this motion was filed on May 13, 2019 – 12 days too late), pursuant to Local Rule 7(h)(1), "motions for reconsideration are disfavored. The court will ordinary deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier." The Plaintiffs fail to make such a showing. They do not point to "a manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier." W.D. Wash. Local Rule 7(h)(1). Mr. Varney's affidavit and Dr. Maddox's opinion are inadmissible as evidence in regard to summary judgment or at trial.

In the absence of Mr. Varney's affidavit and Dr. Maddox's opinion as evidence in regard to summary judgment, and in consideration of the *Lockwood* factors above, there is nothing the

Court can use to determine whether there is sufficient evidence for a jury to find that causation—a necessary element of Plaintiffs' claim—has been established.

Therefore, the Court should grant Velan's Motion for Summary Judgment (Dkt. 382) and dismiss Velan from this case.

### D. OTHER POSSIBLE CLAIMS

The operative complaint's causes of action are vague. *See* Dkt. 342, at 5 ("Plaintiffs claim liability based upon the theories of product liability, including not but limited to negligence, strict product liability …, conspiracy, premises liability, the former RCW 49.16.030, and any other applicable theory of liability, including, if applicable, RCW 7.72 et seq."). Many theories or claims can be gleaned therefrom. In response to Velan's Motion for Summary Judgment, Plaintiffs limit their discussion of claims and theories to just Washington products liability. *See* Dkt. 408, at 8–11. In this order, the Court has done the same. *See* § (II)(C), *supra*.

Plaintiffs' vague complaint and limited discussion are problematic. For example, in Defendant Warren Pumps, LLC's ("Warren") Motion for Summary Judgment, Warren appears to couch its arguments principally in maritime law, and it discusses Washington products liability law as an alternative theory. *See* Dkt. 378.

Regardless, causation is an essential element under either Washington products liability or maritime-based tort law (see, e.g., *Lockwood*, 109 Wn.2d 235; *Lindstrom v. A-C Product Liability Trust,* 424 F.3d 488, 492 (6th Cir. 2005)), and Plaintiffs have not offered evidence showing that causation has been established. *See* § II(c)(2), *supra*.

### E. ADDITIONAL COMMENTARY

The Court's order here is a sad one. Mr. Varney passed away from mesothelioma, likely as a result of his work at the shipyards. Given the circumstances of his passing, it appears that

there is no evidence to support a claim available against the industry in which Mr. Varney worked. The Court cannot find causation without evidence, and there is none here, under the Federal Rules of Evidence.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- To the extent that Plaintiffs move for reconsideration of the April 17, 2019 order excluding Mr. Varney's affidavit and Dr. Maddox's report (Dkt. 408), the motion should be **DENIED**;
- Defendant Velan Valve Corp.'s Motion for Summary Judgment (Dkt. 382) is **GRANTED**; and
- Defendant Velan Valve Corp. is **DISMISSED** from the case.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of May, 2019.

*[Signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge